[Cite as *State v. Barnes*, 2011-Ohio-2424.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    24201

v.                                               :            T.C. NO.    09 CR 442

JOHN W. BARNES                                   :            (Criminal appeal from
                                                Common Pleas Court)
    Defendant-Appellant                      :

                                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of    May   , 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL J. O'BRIEN, Atty. Reg. No. 0031461, 1210 Talbott Tower, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant John W. Barnes appeals from his conviction and sentence for one count of unlawful sexual conduct with a minor, in violation R.C. 2907.04(A), a misdemeanor of the first degree, and one count of tampering with evidence, in

violation of R.C. 2921.12(A)(1), a felony of the third degree.

I

{¶ 2}   On February 20, 2009, Barnes was indicted for three counts of sexual battery (coach/scout leader), in violation of R.C. 2907.03(A)(9), all felonies of the third degree. The charges were brought in response to events which occurred between the dates of December 23, 2008, and January 8, 2009, in which Barnes, a volunteer coach for the girls' varsity basketball team at Dixie High School in New Lebanon, Ohio, engaged in sexual conduct with a fourteen year-old female student at the school.   Barnes was twenty-one years old at the time the offenses occurred.   We also note that Barnes had recently graduated from Dixie High School in 2005.

{¶ 3}   Barnes filed a motion to suppress on March 27, 2009.   After a hearing held on May 28, 2009, the trial court issued a written decision overruling Barnes' motion to suppress on June 17, 2009. On September 11, 2009, Barnes filed a motion to dismiss all of the counts in the indictment.   An evidentiary hearing was held with respect to the motion to dismiss on November 6, 2009.   On December 8, 2009, the trial court issued a decision in which it overruled in part and sustained in part Barnes' motion to dismiss.

{¶ 4}   On June 4, 2010, the State charged Barnes by bill of information with one count of tampering with evidence and one count of unlawful sexual conduct with a minor. At a hearing on the same day, Barnes pled guilty to the charge of tampering with evidence, and he pled no contest to unlawful sexual conduct with a minor, after which the State dismissed the original indictment.   At the plea hearing, the trial court specifically found that Barnes was eighteen years of age or older and that the he was less than four years older than

the victim at the time the offense occurred. The court found Barnes guilty on both counts and on July 12, 2010, the trial court sentenced Barnes to five years of community control sanctions, which include supervision by a sex offender specialist, completion of sex offender treatment, no contact with the minor victim, and a requirement that Barnes "[abide] by any and all special conditions for sex offenders." However, as a result of his conviction for unlawful sexual conduct with a minor, a misdemeanor of the first degree, Barnes did not receive a sex offender designation, nor was he required to register as such.

{¶ 5}   It is from this judgment that Barnes now appeals.

II

{¶ 6}   Barnes' sole assignment of error is as follows:

{¶ 7}   "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN IMPOSING SPECIAL CONDITIONS FOR SEXUAL OFFENDERS ON DEFENDANT-APPELLANT WHERE HE HAS NOT COMMITTED A 'SEXUALLY ORIENTED OFFENSE.'"

{¶ 8}   In his sole assignment, Barnes contends that he was not convicted of a felony "sex offense." Rather, Barnes points out that he was convicted of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a first degree misdemeanor. Thus, Barnes asserts that the trial court erred when it ordered him to abide by community control sanctions requiring him to complete sex offender treatment and be supervised by a sex crime specialist.

{¶ 9}   R.C. 2907.04 states in pertinent part:

{¶ 10}   "(A) No person who is eighteen years of age or older shall engage in sexual

conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶ 11} "(2) Except as otherwise provided in division (B)(4) of this section, if the offender is less than four years older than the other person, unlawful sexual conduct with a minor is a misdemeanor of the first degree."

{¶ 12} Initially, we note that under the facts present in this case, Barnes' conviction for violation of R.C. 2907.04(A) does not constitute a "sexually oriented offense" as defined in R.C. 2950.01(A)(2) as follows:

{¶ 13} "(A) 'Sexually oriented offense' means any of the following violations or offenses committed by a person, regardless of the person's age:

{¶ 14} (2) A violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, *the other person did not consent to the sexual conduct*, and the offender previously had not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code."

{¶ 15} The bill of information here did not contain these elements. Had Barnes engaged in sexual conduct with the female victim without her consent, under R.C. 2950.01(A)(2), the crime would have been labeled a "sexually oriented offense," thus mandating designation of Barnes as a Tier I sex offender/child victim offender" pursuant to R.C. 2950.01(E)(1)(b). Because no evidence was presented that the female victim did not consent to the sexual conduct, the trial court did not designate Barnes as a sex offender, nor

was there any registration requirement imposed upon him.

{¶ 16} Barnes argues that because the nature of the offense for which he was convicted rendered him statutorily exempt from designation as a sexual offender, the trial court erred when it imposed community control sanctions upon him as if he had been convicted of a sexually oriented offense. We note that Barnes mistakenly asserts that the court imposed registration requirements on him. It is clear from the termination entry filed on July 12, 2010, that the court did not order him to register as a sex offender. Barnes also argues that the following community control sanctions were improper since he was not convicted of a sexually oriented offense:

{¶ 17} "1. A term of Intensive Probation Supervision with a Sex Offender Specialist not to exceed five (5) years; ***

{¶ 18} "6. A requirement that the offender be assessed for and complete sexual offender treatment; and

{¶ 19} "7. A requirement that the offender abides by any and all special conditions for sex offenders."

{¶ 20} Essentially, Barnes argues that the trial court cannot impose community control sanctions that treat him as if he were a convicted sex offender when the crimes for which he was found guilty were not sexually oriented offenses. The misdemeanor sentencing-statutes give courts broad discretion to fashion sentences that are appropriate to each case. See. R.C. 2929.22(A). An appropriate sentence, according to the statutes, is one reasonably calculated to achieve the statutory purposes and principles of sentencing. See R.C. 2929.22(A); see, also, R.C. 2929.21(B). The purposes of sentencing are two-fold: to

protect the public and to punish the offender. R.C. 2929.21(A). And the principles of sentencing are that sanctions should be designed with an eye to changing the offender's behavior and rehabilitating him. See R.C. 2929.21(A). So when deciding what conditions should accompany a community-control sanction, courts must consider how to achieve these purposes and principles in the unique circumstances of the particular case. *State v. Bowser* 186 Ohio App.3d 162, 166, 2010-Ohio-951.

{¶ 21} From these purposes and principles, it follows that "[p]robationary conditions are to be related to the circumstances of the offense." *State v. Jones* (1990), 49 Ohio St.3d 51. In *Jones*, the Ohio Supreme Court held that "the courts' discretion in imposing conditions of probation is not limitless," observing that "[s]uch conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." Further, "[i]n determining whether a condition of probation is related to the interests of doing justice, rehabilitating the offender, and insuring his good behavior, courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory end of probation." Id. at 53.

{¶ 22} In *Bowser*, we specifically addressed the issue of sex offender conditions, albeit in a situation where the defendant plead to and was convicted of a non-sexual offense. In the instant case, Barnes was convicted of an offense that is sexual in nature. Ultimately in *Bowser,* we held that the special sex offender conditions were proper since they were related to the defendant's original offense. "The evidence the court may consider is not

confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt." *Williams v. New York* (1949), 337 U.S. 241, 246, 247, 69 S.Ct. 1079, 93 L.Ed. 1337. For this reason, the sentencing process is "less exacting than the process of establishing guilt." *Nichols v. U.S.* (1994), 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745. The court's aim is to "impos[e] an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant." *State v. Cassidy* (1984), 21 Ohio App.3d 100, 101, citing *State v. Barker* (1978), 53 Ohio St.2d 135, 150-151.

{¶ 23} At the plea hearing, Barnes admitted that he engaged in sexual conduct with a minor. In fashioning appropriate community control sanctions, the court considered the recommendations of the probation department contained in the presentence investigation report (PSI). Presumably, the trial court found that the conditions imposed upon Barnes such as being supervised by a sex crime specialist, attending sex offender treatment, and abiding by special sex offender conditions were reasonably related to the crime for which he was convicted. Simply because the court included the requirement that he "[abide] by any and all special conditions for sex offenders", Barnes was not designated as a sexual offender, nor does he have to register as such. There is currently no evidence in the record before us that the  catch-all language in the final condition in the termination entry imposes any obligation on Barnes not permitted by statute.

{¶ 24} Upon review, we conclude that the court's decision to impose community control sanctions one through six was reasonable under the circumstances presented by this case. Moreover, these sanctions were designed to achieve the purposes and principles of

sentencing, being fashioned with an eye to changing Barnes' behavior and rehabilitating him. Thus, we cannot say that the court abused its discretion in ordering Barnes to comply with the requirements in sanctions one and six.

{¶ 25} We note, however, that on July 16, 2010, Barnes filed a motion to clarify the legality and necessity that he be required to abide by any and all of the special conditions for sex offenders set forth in sanction seven when he was not convicted of a sexually oriented offense, nor was he designated a sex offender. On December 3, 2010, counsel for Barnes filed a motion to stay imposition of the special conditions for sex offenders pending the outcome of his appeal. The trial court modified Barnes' community control supervision by a sex offender specialist to basic supervision and stayed imposition of the remainder of his sanctions pending his appeal in an entry filed on December 15, 2010. On the same day, the court filed another entry in which it held that it was without jurisdiction to rule on Barnes' motion to clarify because he filed a notice of appeal with this Court.

{¶ 26} The record is not clear as to determine whether the seventh condition is wholly inapplicable to Barnes since he has not been designated as a sexually oriented offender. Thus, the trial court should address this issue in a hearing pursuant to our remand.

{¶ 27} Barnes' sole assignment of error is overruled in part and remanded in part for further proceedings.

III

{¶ 28} The judgment of the trial court is affirmed in part and remanded in part in order to allow the trial court to conduct a hearing wherein the general conditions set forth in

Barnes' seventh community control sanction can be identified with particularity but should not include restraints limited to those individuals sex offenders under R.C. 2950.01(B)(1).

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Johnna M. Shia
Daniel J. O'Brien
Hon. Mary L. Wiseman