[Cite as *State v. Dukes*, 2015-Ohio-4714.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26531 |
| | : | |
| v. | : | T.C. NO. 13CR3534/1 |
| | : | |
| PHILLIP DUKES | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the ___13th___ day of ____November____, 2015.

. . . . . . . . . . .

DYLAN SMEARCHECK, Atty. Reg. No. 0085249, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL J. O'BRIEN, Atty. Reg. No. 0031461, 131 N. Ludlow Street, Suite 1210, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Phillip Dukes pled no contest in the Montgomery County Court of Common Pleas to the offense of promoting prostitution (supervise for hire), in violation of R.C. 2907.22(A)(2), a felony of the fourth degree.  The trial court sentenced Dukes to community control for a period not to exceed five years, and it designated him a Tier I sex offender for a period of 15 years, with

in-person verification annually. Dukes appeals from his conviction and classification.

{¶ 2} Dukes's original appellate brief raised two assignments of error relating to his classification as a Tier I sex offender and the conditions of his community control. After oral argument was held, Dukes moved to substitute his counsel and to file an amended brief. We granted Dukes's motion on September 16, 2015.

{¶ 3} Dukes now raises six assignments. For the following reasons, the trial court's judgment will be affirmed.

**I. Whether Dukes is a "Sex Offender" under R.C. 2950.01(B)(1)**

{¶ 4} Dukes's first assignment of error claims that the trial court erred in classifying him as a Tier I sex offender, because he is not a "sex offender" within the meaning of R.C. 2950.01(B)(1).

{¶ 5} In 2007, the Ohio legislature enacted 2007 Am.Sub.S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Act of 2006. Among other changes, Senate Bill 10 modified the classification scheme for sex offenders who are subject to the Act's registration and notification requirements, creating a new three-tiered system and longer registration periods. An adult sex offender's classification is based solely on the offense of which the offender was convicted. The three tiers -- Tier I, Tier II, and Tier III -- are defined in R.C. 2950.01.

{¶ 6} Dukes was convicted of violating R.C. 2907.22(A)(2), which states that no person shall knowingly "supervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire." The definition of a Tier I sex offender includes a "sex offender" who is convicted of a violation of R.C. 2907.22, promoting prostitution. R.C. 2950.01(E)(1)(a). Under R.C. 2950.01(B)(1), the term "sex offender" means "a person who is convicted of * * * any sexually oriented offense." A violation of R.C. 2907.22, promoting prostitution, is a sexually

oriented offense. R.C. 2950.01(A)(1). Accordingly, having been convicted of the "sexually oriented offense" of promoting prostitution, Dukes is a Tier I sex offender, unless one of the exceptions to the definition of "sex offender" applies.

{¶ 7} R.C. 2950.01(B)(2) provides exceptions to the definition of "sex offender." It states:

"Sex offender" does not include a person who is convicted of * * * a sexually oriented offense if the offense involves consensual sexual conduct or consensual sexual contact and either of the following applies:

(a) The victim of the sexually oriented offense was eighteen years of age or older and at the time of the sexually oriented offense was not under the custodial authority of the person who is convicted of * * * the sexually oriented offense.

(b) The victim of the offense was thirteen years of age or older, and the person who is convicted of * * * the sexually oriented offense is not more than four years older than the victim.

Dukes argues that there are "factual scenarios that are consistent with both a conviction under R.C. 2907.22(A)(2) and an exception to the definition of 'sex offender' pursuant to R.C. 2950.01(B)(2)."

{¶ 8} R.C. 2907.22, promoting prostitution, "forbids various acts which, individually and collectively, either constitute or further the business enterprise of prostitution, and is intended to consolidate and streamline a number of former measures directed against establishing and maintaining brothels, as well as those that prohibit trafficking in human flesh." Legislative Service Commission, Comments to R.C. 2907.22 (1973). Even assuming that the activities of a prostitute generally involve consensual sexual conduct or contact between the prostitute and a

customer, the offense of promoting prostitution does not involve sexual contact or sexual conduct by the offender.

{¶ 9} The actions that form the basis of a violation of R.C. 2907.22(A)(2) are supervision, management or control. *State v. McGlothin*, 2d Dist. Montgomery No. 14687, 1995 WL 461271, *2 (Aug. 2, 1995). As we stated in *McGlothin*:

> The plain language of R.C. 2907.22(A)(2) indicates that the actions which form the basis of the offense are supervision, management, or control. In our view, the statute does not require that the prostitute complete a sexual act in order for the "supervisor" to have committed the offense. All that is necessary is that the supervision, management, or control of the prostitute's activities was for the purpose of the prostitute's providing sexual activity for hire.

> Obviously, the supervision, management, or control required by the statute is not limited in time or scope to the sexual activity itself. It may begin with making assignments and giving instructions, and continue through the time that the prostitute completes an assignment and concludes financial arrangements with the "supervisor." Likewise, "the activities of a prostitute in engaging in sexual activity for hire" are not limited to the actual sexual activity itself. Those activities may consist of activities that both precede and follow the actual sexual activity. Here, for example, [the prostitute] solicited money from [the undercover detective], pursuant to her conversation with McGlothin. While the solicitation of money is not itself sexual activity, it is an activity of a prostitute in engaging in sexual activity for hire.

> The statute is clearly aimed at those who promote sexual activity for hire,

as opposed to those who engage in the sexual activity. We do not think that a reasonable reading of the statute requires that sexual activity be completed.

*Id.; see also State v. Crew*, 2d Dist. Clark No. 2009 CA 45, 2010-Ohio-3110.

**{¶ 10}** The exceptions created by R.C. 2950.01(B)(2) concern situations where the sexually oriented offense involves "consensual sexual conduct" or "consensual sexual contact."[1] The actions necessary to constitute a violation of R.C. 2907.22(B)(2) do not fall within the exceptions.

**{¶ 11}** Dukes's first assignment of error is overruled.

## II. Probation Requirements

**{¶ 12}** Dukes's second assignment of error states that "the representations made by the Probation Department regarding Mr. Dukes'[s] reporting requirements are contrary [to] provisions outlined in Revised Code Chapter 2950."

**{¶ 13}** Dukes states in his appellate brief that he was advised by the probation department that he was required to notify his neighbors within 1,000 feet of his residence of his sex offender designation and that he was to have no contact with any person under 18 years of age. Dukes states that he was also advised that if he were to continue his education at a local college, the probation department would need to notify the school of Dukes's sex offender status. Dukes argues that nothing in R.C. Chapter 2950 requires these conditions and that the trial court did not advise him of these requirements at sentencing.

---

[1] "Sexual conduct" is defined as "vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A). "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 14} At the sentencing hearing, the court sentenced Dukes to community control sanctions for a period not to exceed five years under the control and supervision of the Montgomery County Division of Criminal Justice Services. The trial court advised Dukes that his community control was conditioned on (1) Dukes's compliance with the general conditions of the court for all probationers, (2) a term of intensive probation supervision with a sex offender specialist not to exceed five years, (3) that he "abide by any and all special conditions for sex offenders," (4) that he be assessed for and complete sex offender treatment, as necessary, (5) that he not live within 1,000 feet of a school, (6) that he abide by all sex offender registration requirements, (7) that he attend the "male issues seminar," (8) that he take all medications as prescribed, (9) that he avoid any building, structure, room, vehicle or place where he knows, or has reason to believe, illegal drugs, stolen property, or firearms are present, and (10) that he abstain from using illegal drugs, drugs of abuse, and alcohol. The trial court's judgment entry incorporated these conditions.

{¶ 15} The trial court did not elaborate on what the "General Conditions of this Court for probationers" included. In addition, the trial court did not specify at sentencing (or in its judgment entry) what the "special conditions for sex offenders" would entail.

{¶ 16} The court separately reviewed the sex offender registration requirements, under R.C. Chapter 2950, with Dukes. These requirements focused on where and how often Dukes was required to register with a sheriff's office and do not specifically include some of the requirements of which Dukes complains.

{¶ 17} At the outset, we reject any suggestion that the trial court could not impose, as part of Dukes's community control, sex offender requirements in addition to those required by R.C. Chapter 2950. We have approved the trial court's imposition of community control sanctions

related to sex offenders, even when the offender was convicted of an offense that was not sexual in nature, *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.) (plea to child endangerment, a non-sexual offense, after indictment for gross sexual imposition), and when the offense did not constitute a sexually oriented offense under R.C. Chapter 2950, *State v. Barnes*, 2d Dist. Montgomery No. 24201, 2011-Ohio-2424 (convicted of unlawful sexual conduct with a minor, but not designated a sex offender).

{¶ 18} In both *Barnes* and *Bowser*, the defendants challenged the trial court's imposition of community control sanctions related to sex offenders. Barnes's conditions of community control included such requirements as supervision by a sex offender specialist, completion of sex offender treatment, no contact with the minor victim, and abiding by any and all special conditions for sex offenders. Bowser was required to be supervised by a sex offender specialist and complete a male sex offender treatment program. We affirmed the trial court's imposition of these requirements, despite the fact that neither defendant was a sex offender under R.C. Chapter 2950.

{¶ 19} We stated in *Barnes*:

The misdemeanor sentencing-statutes give courts broad discretion to fashion sentences that are appropriate to each case. *See* R.C. 2929.22(A). An appropriate sentence, according to the statutes, is one reasonably calculated to achieve the statutory purposes and principles of sentencing. *See* R.C. 2929.22(A); *see, also*, R.C. 2929.21(B). The purposes of sentencing are two-fold: to protect the public and to punish the offender. R.C. 2929.21(A). And the principles of sentencing are that sanctions should be designed with an eye to changing the offender's behavior and rehabilitating him. *See* R.C. 2929.21(A). So when deciding what conditions should accompany a community-control sanction, courts

must consider how to achieve these purposes and principles in the unique circumstances of the particular case. *State v. Bowser*, 186 Ohio App.3d 162, 166, 2010-Ohio-951.

From these purposes and principles, it follows that "[p]robationary conditions are to be related to the circumstances of the offense." *State v. Jones* (1990), 49 Ohio St.3d 51. In *Jones*, the Ohio Supreme Court held that "the courts' discretion in imposing conditions of probation is not limitless," observing that "[s]uch conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." Further, "[i]n determining whether a condition of probation is related to the interests of doing justice, rehabilitating the offender, and insuring his good behavior, courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory end of probation." *Id*. at 53.

In *Bowser*, we specifically addressed the issue of sex offender conditions, albeit in a situation where the defendant plead to and was convicted of a non-sexual offense. In the instant case, Barnes was convicted of an offense that is sexual in nature. Ultimately in *Bowser*, we held that the special sex offender conditions were proper since they were related to the defendant's original offense. "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt." *Williams v. New York* (1949), 337

U.S. 241, 246, 247, 69 S.Ct. 1079, 93 L.Ed. 1337. For this reason, the sentencing process is "less exacting than the process of establishing guilt." *Nichols v. U.S.* (1994), 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745. The court's aim is to "impos[e] an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant." *State v. Cassidy* (1984), 21 Ohio App.3d 100, 101, citing *State v. Barker* (1978), 53 Ohio St.2d 135, 150-151.

*Barnes*, 2d Dist. Montgomery No. 24201, 2011-Ohio-2424, at ¶ 20-22. Although both *Barnes* and *Bowser* concerned misdemeanor convictions, our reasoning in those cases is persuasive here as to Dukes's felony conviction for promoting prostitution.

{¶ 20} Dukes was convicted of promoting prostitution, a sexually oriented offense under R.C. Chapter 2950, which required him to register as a Tier I sex offender. Considering that we approved sex offender-related conditions on Barnes and Bowser, who were not sex offenders under R.C. Chapter 2950, we cannot say that the trial court was required to limit its community control sanctions to those outlined in R.C. Chapter 2950 for Tier I sex offenders. In short, as a general proposition, a trial court may impose sex offender obligations beyond those required by R.C. Chapter 2950, so long as they are related to the circumstances of the offense and are not overly broad, as elucidated by *Jones,* 49 Ohio St.3d 51.

{¶ 21} Dukes complains about three specific additional conditions allegedly imposed by the probation department: (1) that he was required to notify his neighbors within 1,000 feet of his residence of his sex offender designation, (2) that he was to have no contact with any person under 18 years of age, and (3) that the probation department would notify a local college of his sex offender status if he continued his education there. However, the probation department's alleged conditions are not part of the record, and we cannot discern from the information before us whether

these conditions were actually imposed. Accordingly, any comment on these specific alleged conditions would be purely advisory, and we will not address them.

{¶ 22} Dukes's second assignment of error is overruled.

### III. One-Subject Rule Violation

{¶ 23} Dukes's third assignment of error claims that the trial court violated his rights when it convicted him "for a crime committed between the dates of July 1, 2011 and August 1, 2013 when House Bill 59 amended the statute [R.C. 2907.22] and was in violation of the Ohio Constitution's 'one subject' rule and the amendment was therefore void." Dukes argues that that Am.Sub.H.B. 59 was Ohio's operating budget and that there was no nexus between the amendments to R.C. 2907.22 contained in that bill and the appropriation provisions. Dukes thus asserts that the amendments to R.C. 2907.22 violated the one-subject provision of Article II, Section 15(D) of the Ohio Constitution, which states, in part: "No bill shall contain more than one subject, which shall be clearly expressed in its title."

{¶ 24} Dukes did not challenge R.C. 2907.22 on constitutional grounds in the trial court. The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. Accordingly, Dukes has waived his constitutional argument based on the one-subject rule.

{¶ 25} We recognize that, even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it. *E.g., State v. Brewer*, 2d Dist. Montgomery No. 26153, 2015-Ohio-693, ¶ 36. Even if we were to consider Dukes's argument

for plain error, it would be without merit. First, Am.Sub.H.B. 59 was effective September 29, 2013, after the date of Dukes's offense. Second, House Bill 59 amended R.C. 2907.22(A)(1) and R.C. 2907.22(A)(3); Dukes was convicted of promoting prostitution, in violation of R.C. 2907.22(A)(2), which was not changed by Am.Sub.H.B. 59.

{¶ 26} Dukes's third assignment of error is overruled.

## IV. Overbreadth and Vagueness

{¶ 27} Dukes's fourth assignment of error claims that R.C. 2907.22 is "overbroad, vague, indefinite and uncertain and violates the U.S. Constitution's Fourteenth Amendment by, inter alia, punishing innocent conduct."

{¶ 28} In this assignment of error, Dukes addresses R.C. 2907.22(A)(3), which states that "[n]o person shall knowingly * * * "[t]ransport another, or cause another to be transported, in order to facilitate the other person's engaging in sexual activity for hire." Dukes argues that there is no requirement that the transporter knew or had to know whether the transportee was going to engage in sexual activity for hire.

{¶ 29} We need not address Dukes's argument, as Dukes was convicted of violating R.C. 2907.22(A)(2), which prohibits supervising, managing, or controlling the activities of a prostitute in engaging in sexual activity for hire. Again, he was not convicted of violating R.C. 2907.22(A)(3). Accordingly, whether R.C. 2907.02(A)(3) is overbroad and/or vague has no bearing on Dukes's conviction.

{¶ 30} Dukes's fourth assignment of error is overruled.

## V. Cruel and Unusual Punishment

{¶ 31} In his fifth assignment of error, Dukes claims that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution, when

he was sentenced to five years of community control for a felony of the fourth degree and designated a Tier I sex offender. Dukes argues that he engaged in "innocent conduct" and that the most he should have been charged with was aiding and abetting prostitution, which is a misdemeanor.

{¶ 32} We have commented that " 'Eighth Amendment violations are rare, and instances of cruel and unusual punishment are limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person.' Therefore, 'as a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.' " (Citations omitted.) *State v. Artz*, 2d Dist. Champaign No. 2014-Ohio-34, 2015-Ohio-3789, ¶ 24.

{¶ 33} Dukes received community control for violating R.C. 2907.22, and he was designated a Tier I sex offender pursuant to R.C. Chapter 2950. Both the sentence and sex offender designation were authorized by statute. Dukes has not argued that these consequences for violating R.C. 2907.22 are "shocking to a reasonable person," and we find they are not.

{¶ 34} Dukes's primary contention is that he should have been charged with a lesser offense. As stated above, R.C. 2907.22 is directed at individuals who promote sexual activity for hire, as opposed to those who engage in the sexual activity. We find nothing "cruel and usual" about the Ohio legislature's decision to punish individuals who supervise, manage, or control the actions of a prostitute more harshly than the conduct of the prostitute.

{¶ 35} Dukes's fifth assignment of error is overruled.

### VI. Plain Error and Ineffective Assistance of Counsel

{¶ 36} Dukes's sixth assignment of error raises, generally, "all other errors appearing of record herein including plain error and/or *Strickland v. Washington*[,466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] and it[s] progeny error." In essence, Dukes asks us to consider his

constitutional arguments for plain error and to review the record for ineffective assistance of counsel.   As discussed above, we find no plain error with respect to Dukes's constitutional claims. In addition, we find no basis to conclude that the outcome of Dukes's convictions would have been different had these arguments been raised in the trial court.

{¶ 37} Dukes's sixth assignment of error is overruled.

## VII. Conclusion

{¶ 38} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Dylan Smearcheck
Daniel J. O'Brien
Hon. Steven K. Dankof