[Cite as *State v. Farmer*, **2017-Ohio-2995**.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRIAN FARMER | : | Case No. 16-CA-99 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　Appeal from the Municipal Court,
　　　　　　　　　　　　　　　　　　　　　Case No. 15CRB00319



JUDGMENT:　　　　　　　　　　　　　Affirmed




DATE OF JUDGMENT:　　　　　　　　May 24, 2017




APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

J. Michael King　　　　　　　　　　　　BRIAN J. FARMER, Pro Se
40 West Main Street　　　　　　　　　3859 Martinsburg Road
4th Floor　　　　　　　　　　　　　　　Gambier, OH　43022
Newark, OH　43055

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Brian Farmer, appeals the October 27, 2016 judgment entry of the Municipal Court of Licking County, Ohio, denying his motion for injunctive relief.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 8, 2015, following a jury trial, appellant was found guilty of menacing by stalking in violation of R.C. 2903.211.  By journal entry filed same date, the trial court sentenced appellant to one hundred eighty days in jail, ninety days suspended, and imposed three years of probation as directed by the probation officer.  Appellant was ordered to abide by a civil protection order issued by the Court of Common Pleas, and have no contact with the victim and any of the witnesses and jurors.  Appellant's conviction and sentence were affirmed on appeal.  *State v. Farmer,* Licking No. 15 CA 0044, 2015-Ohio-5434.

{¶ 3}  On October 25, 2016, appellant filed a motion for injunctive relief, seeking to bar the probation department from imposing certain probationary restrictions.  By judgment entry filed October 27, 2016, the trial court converted the motion for injunctive relief to a motion to modify probation conditions, and denied the motion.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}  "WHETHER THE TRIAL COURT ERRED BY NOT ENTERING GRANTING AN INJUNCTION BARRING THE ADULT PROBATION FROM IMPOSING

RESTRICTIONS NOT AUTHORIZED BY LAW AND WHICH DON'T MEET THE *JONES* TEST."

II

{¶ 6} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING IMPROPER PROBATIONARY RESTRICTIONS."

III

{¶ 7} "WHETHER THE DEFENDANT IS BEING SUBJECTED TO DOUBLE JEOPARDY BY HAVING ADDITIONAL RESTRICTIONS BEING ADDED TO HIS SENTENCE BY THE PROBATION DEPARTMENT."

IV

{¶ 8} "WHETHER THE COURT AND PROBATION DEPARTMENT CAN USE THE SINGLE VALIDATED RISK ASSESSMENT TOOL ON MISDEMEANOR PROBATIONERS."

I, II, III, IV

{¶ 9}   In his four assignments of error, appellant challenges the trial court's denial of his motion for injunctive relief and his probationary restrictions.

{¶ 10} In his motion for injunctive relief filed October 25, 2016, appellant claimed the "Adult Probation Department of the Licking County Municipal Court has imposed probationary restrictions which are an abuse of discretion and a deprivation of rights under the color of law." Specifically, appellant complained of a firearms prohibition, orders to gain employment, receive a mental health evaluation, submit to random urinalysis, submit to warrantless searches of his home and property, and be subjected to a Single Validated Risk Assessment pursuant to R.C. 5120.114.

{¶ 11} In its October 27, 2016 judgment entry denying the motion, the trial court stated the following:

> The court cannot grant a motion against itself and accordingly the court will treat the motion for injunctive relief as a request to have his conditions of probation modified.
>
> That request to modify the conditions of his probation is hereby denied. The probation department has authority to supervise the defendant while he is on probation/community control. The court has reviewed the matter and has determined that the probation department's requirements as they relate to the defendant are not unreasonable nor do they violate his rights.
>
> If the defendant wishes a court to exercise injunctive relief in this matter the undersigned suggests that he needs to seek a different remedy in a different court.

{¶ 12} In support of his assignments of error, appellant cites the case of *State v. Jones,* 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990), wherein the Supreme Court of Ohio stated the following:

> In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably

related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.  (Citations omitted.)

{¶ 13} We are unable to review the complained of restrictions under *Jones* because the record does not contain the orders of probation signed by appellant.  This court has no way of knowing what the probation orders consist of for our review.  "[W]e cannot discern from the information before us whether these conditions were actually imposed.  Accordingly, any comment on these specific alleged conditions would be purely advisory, and we will not address them."  *State v. Dukes,* 2d Dist. Montgomery No. 26531, 2015-Ohio-4714, ¶ 21.

{¶ 14} Based upon the foregoing, we find the trial court did not err in denying appellant's motion.

{¶ 15} Assignments of Error I, II, III, and IV are denied.

{¶ 16} judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Hoffman, J. concur.

EEW/sg 414