[Cite as *State v. McFarland*, 2024-Ohio-669.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHEW J. McFARLAND,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 CO 0016

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 649

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed and Remanded.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

*Atty. Donald K. Pond, Jr.*, for Defendant-Appellant.

Dated: February 22, 2024

**HANNI, J.**

{¶1}   Defendant-Appellant, Matthew J. McFarland, appeals from a Columbiana County Common Pleas Court judgment convicting him of promoting prostitution, following his guilty plea, and designating him as a Tier I sex offender.

{¶2}   On February 10, 2022, a Columbiana County Grand Jury indicted Appellant on one count of promoting prostitution, a fourth-degree felony in violation of R.C. 2907.22(A)(1); one count of promoting prostitution, a fourth-degree felony in violation of R.C. 2907.22(A)(3); and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A).  Appellant initially pleaded not guilty.  The charges stemmed from Appellant transporting a woman to engage in sexual activity for hire.

{¶3}   After negotiations with Plaintiff-Appellee, the State of Ohio, Appellant entered a guilty plea to one count of promoting prostitution.  In exchange, the State agreed to dismiss the other two counts.  The State would also recommend a nine-month prison term.  At the change of plea hearing, the trial court informed Appellant that there was an issue regarding whether he would be required to register as a sex offender.  Appellant's counsel believed that Appellant would not have to register while the State believed Appellant would have to register.  The court stated that the issue would require some research prior to sentencing.  The trial court accepted Appellant's guilty plea and scheduled the matter for a sentencing hearing.

{¶4}   At the sentencing hearing, Appellant's counsel argued that based on the offense Appellant pleaded guilty to, Appellant was not subject to a sex offender designation pursuant to the statute.  The State took the opposite position.  The trial court sentenced Appellant to three years of reporting probation.   It then stated that after researching the issue, it concluded the offense of promoting prostitution did subject Appellant to classification as a sex offender.  Thus, the court classified Appellant as a Tier I sex offender, which requires him to register for 15 years.  Appellant's counsel made an oral motion for a stay of execution of the sex offender registration.  The trial court granted Appellant's request pending this appeal.

{¶5}   Appellant filed a timely notice of appeal on March 9, 2023.  He now raises two assignments of error for our review.

{¶6}   Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY CLASSIFYING MATTHEW McFARLAND, DEFENDANT-APPELLANT, AS A SEX OFFENDER, CONTRARY TO THE STATUTORY PROVISIONS OF R.C. 2950.01, ET AL., AND CONTRARY TO DUE PROCESS OF LAW, PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7}   Appellant pleaded guilty to promoting prostitution in violation of R.C. 2907.22(A)(3), which provides:  "No person shall knowingly * * * [t]ransport another, or cause another to be transported, in order to facilitate the other person's engaging in sexual activity for hire[.]"

{¶8}   R.C. 2950.01(E)(1)(a) defines a "Tier I sex offender" as a sex offender who is convicted of or pleads guilty to a "violation of section 2907.06, 2907.07, 2907.08, *2907.22*, or 2907.32 of the Revised Code."  (Emphasis added).  Thus, an offender who pleads guilty to promoting prostitution is included in the statutory definition of a Tier I sex offender.

{¶9}   Pursuant to R.C. 2950.01(B)(1), a "sex offender" is a person who is convicted of or pleads guilty to any sexually oriented offense.  Promoting prostitution, a violation of R.C. 2907.22, is listed as a sexually oriented offense under the statute.  R.C. 2950.01(A)(1).

{¶10}   R.C. 2950.01(B)(2) provides two exceptions to the definition of "sex offender":

(2) "Sex offender" does not include a person who is convicted of, pleads guilty to * * * a sexually oriented offense if the offense involves consensual sexual conduct or consensual sexual contact and either of the following applies:

(a) The victim of the sexually oriented offense was eighteen years of age or older and at the time of the sexually oriented offense was not under the

custodial authority of the person who is convicted of, pleads guilty to * * * the sexually oriented offense.

(b) The victim of the offense was thirteen years of age or older, and the person who is convicted of, pleads guilty to* * * the sexually oriented offense is not more than four years older than the victim.

{¶11} In this assignment of error, Appellant argues that before classifying him as a sex offender, the trial court should have held a hearing on the issue of consent in order to determine if one of the exceptions to the definition of "sex offender" applied to him. In support, Appellant cites to several cases where the defendant was convicted of unlawful sexual conduct with a minor.

{¶12} In addressing the same issue we are faced with, regarding whether promoting prostitution can be subject to an exception to the sex offender classification, the Second District observed:

> R.C. 2907.22, promoting prostitution, "forbids various acts which, individually and collectively, either constitute or further the business enterprise of prostitution, and is intended to consolidate and streamline a number of former measures directed against establishing and maintaining brothels, as well as those that prohibit trafficking in human flesh." Legislative Service Commission, Comments to R.C. 2907.22 (1973). Even assuming that the activities of a prostitute generally involve consensual sexual conduct or contact between the prostitute and a customer, the offense of promoting prostitution does not involve sexual contact or sexual conduct by the offender.

*State v. Dukes*, 2d Dist. Montgomery No. 26531, 2015-Ohio-4714, ¶ 8. The court then explained that the R.C. 2950.01(B)(2) exceptions deal with situations where the sex offense involves "consensual sexual conduct" or "consensual sexual contact." *Id*. at ¶ 10. It found, however, that the actions necessary to constitute promoting prostitution do not fall within these exceptions. *Id*.

**{¶13}** This reasoning is sound. Promoting prostitution in violation of R.C. 2907.22(A)(3) requires the offender to transport another to facilitate the other person's engaging in sexual activity for hire. "Sexual conduct" or "sexual contact" by the offender is not even an element of the offense. It stands to reason then that the R.C. 2950.01(B)(2) exceptions do not apply to a conviction for promoting prostitution.

**{¶14}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶15}** Appellant's second assignment of error states:

NOTWITHSTANDING APPELLANT'S FIRST ASSIGNMENT OF ERROR, THE SENTENCING ENTRY INCORRECTLY STATES THE TIER I REGISTRATION REQUIREMENTS. A NUNC PRO TUNC ENTRY IS REQUIRED TO JOURNALIZE THE PROPER SENTENCE AND REGISTRATION REQUIREMENTS.

**{¶16}** At the sentencing hearing, the trial court classified Appellant as a Tier I sex offender. It then informed Appellant that as a Tier I sex offender, he would be subject to the reporting requirements for a period of 15 years with residence verification annually. (Sentencing Tr. 13).

**{¶17}** In its judgment entry, the trial court repeated its finding classifying Appellant as a Tier I sex offender. However, the trial court stated that Appellant was subject to a lifetime reporting requirement with residence verification every 90 days.

**{¶18}** Here, Appellant asserts the trial court erred by stating in its judgment entry that Appellant was subject to a lifetime reporting requirement. The State agrees that the trial court imposed the incorrect registration requirement on Appellant in the judgment entry. The parties agree that the proper remedy here is a remand for a nunc pro tunc judgment entry.

**{¶19}** As a Tier I sex offender, Appellant is subject to a 15-year reporting period. R.C. 2950.07(B)(3). Also as a Tier I sex offender, he is to report annually for that 15-year period. R.C. 2950.06(B)(1). Thus, the trial court properly advised Appellant at the sentencing hearing. The trial court included the incorrect registration requirement in its judgment entry. This was a clerical error.

**{¶20}** "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. A clerical error may be corrected by a nunc pro tunc judgment entry. "Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous decision." *State v. Vernon*, 11th Dist. Lake No. 99-L-006, 2000 WL 522348, *4 (Mar. 31, 2000).

**{¶21}** A court may use a nunc pro nunc entry to correct a sentencing entry to reflect the sentence the trial court actually imposed upon a defendant at a sentencing hearing. *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10, citing *Dean v. Maxwell*, 174 Ohio St. 193, 198, 187 N.E.2d 884 (1963).

**{¶22}** The trial court properly advised Appellant of the correct reporting requirement at the sentencing hearing. Therefore, the remedy here is to remand the matter for the trial court to enter a nunc pro tunc judgment entry reflecting the proper reporting requirement imposed at the sentencing hearing.

**{¶23}** Accordingly, Appellant's second assignment of error has merit and is sustained.

**{¶24}** For the reasons stated above, Appellant's classification as a Tier I sex offender is affirmed. The matter is remanded to the trial court solely to issue a nunc pro tunc judgment entry correcting the reporting requirement for a Tier I sex offender.

Waite, J., concurs.

Klatt, J., concurs.

Case No. 23 CO 0016

[Cite as *State v. McFarland*, 2024-Ohio-669.]

_____

For the reasons stated in the Opinion rendered herein, the first assignment of error is overruled, the second assignment of error is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed as to Appellant's classification as a Tier 1 sex offender. The matter is remanded to the trial court solely to issue a nunc pro tunc judgment entry correcting the reporting requirement for a Tier I sex offender. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**