[Cite as *State v. Jacquillard*, 2014-Ohio-4394.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO.  C-140001
                                           TRIAL NO.  B-0700868
    Plaintiff-Appellee,          :

  vs.                              :        *O P I N I O N.*

SEAN JACQUILLARD,                 :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  October 3, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}   Defendant-appellant Sean Jacquillard entered guilty pleas to two counts of nonsupport of dependents, in violation of R.C. 2919.21, in September 2007. The trial court sentenced Jacquillard to a five-year period of community control and informed Jacquillard that it would impose a sentence of 12 months' incarceration for each offense, to be served consecutively, if Jacquillard violated his community control.

{¶2}   In April 2010, Jacquillard was found guilty of violating his community control and the trial court sentenced him to an aggregate sentence of 24 months' imprisonment.  But the trial court granted Jacquillard a 90-day stay before the sentence took effect.  Jacquillard absconded during that time, but was eventually arrested in Florida in November 2012, and returned to Ohio.  Upon his return, the trial court conducted a sentencing hearing and imposed a 12-month prison term for each offense, to be served consecutively.

{¶3}   Jacquillard appealed from the judgment revoking his community control and imposing sentence.  We vacated the trial court's imposition of consecutive sentences and remanded the matter to the trial court to comply with R.C. 2929.14(C) and make any required findings before imposing consecutive sentences. We also instructed the trial court to correctly inform Jacquillard about his postrelease-control obligations and the potential consequences for violating those obligations.  We also directed the trial court to determine whether Jacquillard was entitled, under R.C. 2967.191, to credit for any time incarcerated in Florida.  We affirmed Jacquillard's convictions in all other respects.

{¶4} On remand, the trial court resentenced Jacquillard, properly informing him of his postrelease-control obligations and crediting him with time served in Florida while awaiting extradition to Ohio. The trial court also imposed a 12-month prison term for each offense and ordered that the terms be served consecutively. The trial court made all the statutorily-required findings under R.C. 2929.14(C) on the record at the sentencing hearing.

{¶5} Jacquillard now appeals, bringing forth a single assignment of error, contending that the trial court erred by imposing a sentence that is not supported by the findings in the record. He contends that he has made great progress during his first year in prison and deserves to be released from prison in order to pay his child-support obligation.

{¶6} Our review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.). Under that section, we may vacate Jacquillard's sentences only if we "clearly and convincingly" find that the record does not support the trial court's findings or that the sentences are otherwise contrary to law.

{¶7} R.C. 2929.14(C)(4) provides that the trial court must make certain findings before imposing consecutive sentences. First, the trial court must find that the consecutive sentences are necessary either to protect the public from future crime or to punish the offender. Here, the trial court determined that the consecutive sentences were necessary to protect the public, including the two children Jacquillard was obligated to support, from future crime. Next, the trial court made the requisite finding that the imposition of consecutive sentences was not disproportionate to the seriousness of Jacquillard's conduct and the danger he posed

to the public. Finally, the court must find one of three conditions listed in R.C. 2929.14(C)(4)(a)-(c). In this case, the trial court found that the harm was so great "that [a] single prison term does [not] adequately reflect the seriousness of [Jacquillard's] conduct" and that at the time of sentencing Jacquillard was under a sanction imposed under R.C. 2929.18, thereby satisfying the conditions in R.C. 2929.14(C)(4)(a) and (b).

{¶8} We conclude that the trial court's findings are supported by the record. Jacquillard owed over $50,000 in past-due child support and had lied to the court by promising to use proceeds from a settlement he was to receive to pay down his child-support obligation, but then never did so. Further, Jacquillard failed to pay his child-support obligation while on community control, and while awaiting sentencing for his community-control violations, he absconded from the jurisdiction. We, therefore, overrule Jacquillard's sole assignment of error and affirm the trial court's imposition of consecutive sentences.

{¶9} We note that the trial court, while making the required findings for consecutive sentences on the record at the sentencing hearing, failed to make the findings a part of the sentencing entry as required by the Ohio Supreme Court's decision in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177. But the trial court's "failure to incorporate the statutory findings into the sentencing entry after properly making those findings at the sentencing hearing [did] not render the sentence contrary to law[.]" *Id.* at ¶ 30. Instead, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* Therefore, we affirm the judgment of the trial court, but remand the cause for a nunc pro tunc order correcting the omission of the consecutive-sentences

findings from the sentencing entry. *See* Crim.R. 36. In *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, this court held that in order to satisfy *Bonnell's* mandate, the trial court may, on remand, list its findings in the sentencing entry or attach and make the sentencing-findings worksheet part of the sentencing entry. *Id.* at ¶ 9.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.