[Cite as *State v. Artz*, 2015-Ohio-3789.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-34 |
| | : | |
| v. | : | T.C. NO. 13CR167, 13CR347 |
| | : | |
| ROBERT K. ARTZ | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ____September____, 2015.

. . . . . . . . . .

JANE A. NAPIER, Atty, Reg. No. 0061426, 200 N. Main Street, Urbana, Ohio 43078
Attorney for Plaintiff-Appellee

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 E. Fifth Street, Dayton, Ohio 45402
Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert K. Artz appeals the trial court's decision to revoke his community control and impose a sentence of twenty-six months in prison based on his prior convictions for one count of domestic violence, in violation of R.C. 2919.25(A)(D)(3), a felony of the fourth degree; and one count of possession of marijuana, in violation 2925.11(A)(C)(3)(c), a felony of the fifth degree.   On November 3,

2014, Artz filed a motion for leave to file notice of a delayed appeal. The State did not respond to Artz's motion. On December 10, 2014, we issued a decision and entry sustaining Artz's motion for leave to file notice of a delayed appeal. The instant appeal followed.

{¶ 2} On September 17, 2013, Artz pled guilty to one count of domestic violence in Case No. 2013 CR 167, and the trial court ordered the probation department to prepare a pre-sentence investigation report (PSI) in that case. Shortly thereafter on December 16, 2013, Artz pled guilty to one count of possession of marijuana in Case No. 2013 CR 347. In an entry issued on December 17, 2013, the trial court sentenced Artz to community control for a period of three years for both offenses.

{¶ 3} On September 2, 2014, Brandon Deskins, Artz's probation officer, filed a notice of supervision violation against Artz. In the notice, Deskins asserted that Artz committed the following violations of the conditions of his community control:

1. Artz failed to report to his supervising officer on the second Wednesday of every month since April of 2014.

2. On or about August 29, 2014, Artz operated a motor vehicle without a valid driver's license.

3. On or about August 28, 2014, Artz was unsuccessfully discharged from the West Central Probation Incentive Program.

4. Artz failed to obtain an assessment and thereafter successfully complete substance abuse and alcohol counseling.

5. Artz admitted to consuming alcohol since being placed on supervision.

6. On or about two weeks prior to August 29, 2014, Artz had contact with Wendy

Campbell, the woman whom he committed the domestic violence against and whom he had been specifically ordered to avoid.

{¶ 4} A community control revocation hearing was held before the trial court on September 16, 2014.   At the beginning of the hearing, Artz admitted to violations (1), (2), (3), and (4) as set forth in Deskins' motion for revocation.   Artz, however, challenged violations (5) and (6), and the trial court then heard testimony from Deskins and Artz. Deskins testified that Artz reported to him on August 29, 2014.   Prior to that date, Deskins testified that Artz had not reported since April of 2014.   Deskins testified that during their meeting, Artz stated that he had recently consumed alcohol and that he had contact with Wendy Campbell when he borrowed her car to drive to the probation office. Artz did not have a valid driver's license when he drove to the meeting with Deskins.

{¶ 5} Conversely, Artz testified that he did not consume any alcoholic beverages other than a few non-alcoholic beers.   Artz also testified that he had no contact with Campbell.   Artz testified that his mother contacted Campbell so that he could borrow her car.

{¶ 6} Ultimately, the trial court found that Artz had violated all six of the conditions enumerated by Deskins in his motion for revocation.   Accordingly, the trial court revoked Artz's community control and ordered him to serve eighteen months in prison for domestic violence and eight months in prison for possession of marijuana, the sentences to be served consecutively for an aggregate sentence of twenty-six months imprisonment.

{¶ 7} It is from this judgment that Artz now appeals.

{¶ 8} Artz's sole assignment of error is as follows:

{¶ 9} "APPELLANT SHOULD BE REMANDED TO THE TRIAL COURT FOR

SENTENCING AS THE SENTENCE HE RECEIVED IS CONTRARY TO LAW AND IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 10} In his sole assignment, Artz contends that the twenty-six month sentence imposed by the trial court is contrary to law and/or an abuse of discretion. Artz also argues that the facts present in the instant case do not support the imposition of consecutive sentences.

{¶ 11} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 17. Upon revoking community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B).

> The trial court has significant discretion in sentencing a defendant for a community control violation, so long as it is consistent with the purposes and principles of sentencing and with notification provided by the trial court when imposing the community control sanctions. *See* R.C. 2929.15(B)(2); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20 (stating that a trial court has "a great deal of latitude in sentencing" an

offender for a community control violation).   When sentencing an offender for a community control violation, the trial court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation."   *Id.* at ¶ 20.

*State v. Stevens*, 2d Dist. Greene No. 2014-CA-10, 2015-Ohio-1051, ¶ 8, citing *State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, ¶ 13.

{¶ 12} When an offender's community control is revoked and multiple prison terms are imposed for the underlying offenses, the trial court must make the findings under R.C. 2929.14(C)(4) before imposing consecutive sentences at the revocation sentencing hearing.   *See, e.g., State v. West*, 2d Dist. Montgomery No. 24998, 2012-Ohio-4615 (noting that the prison sentence for violating community control was not imposed until the revocation sentencing hearing, and that the trial court was required to comply with R.C. 2929.14(C)(4) to impose consecutive sentences); *State v. Jacquillard*, 1st Dist. Hamilton No. C-140001, 2014-Ohio-4394 (applying R.C. 2929.14(C)(4) to sentencing upon revocation of community control); *State v. Holman*, 8th Dist. Cuyahoga No. 100468, 2014-Ohio-3908; *State v. Steck*, 6th Dist. Wood Nos. WD-13-017 and WD-13-018, 2014-Ohio-3623.

{¶ 13} R.C. 2929.14(C)(4) allows for the imposition of consecutive sentences if the trial court finds that: (1) a "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 14} In the instant case, the trial court made the following findings at the sentencing hearing and in its judgment entry regarding its decision to revoke Artz's community control:

In imposing sentence the Court considered and applied the purposes and principles of sentencing as set forth in [R.C.] 2929.11 Divisions A, B, and C. Court also looked at seriousness and recidivism factors. With regard to more serious, the Court finds that the Defendant has five prior OVI convictions, four prior driving under suspension convictions, and he committed community control violations involving prohibited consumption of alcohol and operating a motor vehicle without

driving privileges. Secondly, Defendant has two prior criminal convictions for domestic violence against Wendy Campbell. And he admitted prohibited contact with Wendy Campbell. Thirdly, he lied to his probation officer about his contact with Wendy Campbell until he was confronted by his probation officer with undisputable evidence that he was utilizing Wendy Campbell's motor vehicle with her consent.

Fourthly, Defendant admits refusal to obtain an assessment for alcohol counseling by an agency suggested by the West Central Incentive Probation Program. And, fifth, the Defendant's relationship with the victim facilitated the community control violations.

*** The Court concludes factors establishing the Defendant's conduct is more serious outweigh factors establishing conduct is less serious.

With regarding to recidivism, the Court finds that he is more likely to commit future crimes. He has a history of criminal convictions. He has not responded favorably to sanctions previously imposed. He refuses treatment for alcohol abuse and has demonstrated a pattern of alcohol abuse that is related to the offense. And he shows no genuine remorse for the offense.

With regard to less likely to commit future crimes, the Court finds none. Court also finds that the Defendant continues his association with Wendy Campbell despite Court orders not to do so. Court concludes that the factors establishing the Defendant's recidivism is more likely outweigh

[sic] factors establishing the Defendant's recidivism is less likely.

> *** Court finds that the Defendant is not amenable to available community control sanctions based on the Defendant's refusal to follow Court orders from the moment he was told to fill out his [PSI] questionnaire up through and including his failure to comply with his orders with the probation officer. Court also notes that the Defendant has previous community control supervision failure.

{¶ 15} With respect to its decision to impose consecutive sentences, the trial court made the following findings:

> In imposing consecutive sentences, the Court finds that consecutive sentence [sic] is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the conduct and danger that Defendant poses to the public. And Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant.

{¶ 16} Artz does not claim that the trial court failed to make the statutory findings under R.C. 2929.14(C)(4); rather, he asserts that the record does not support the trial court's findings regarding the imposition of consecutive sentences. Specifically, Artz argues that he had no felony convictions prior to the instant case, and his criminal history consists of misdemeanor violations "and are not inherently serious in nature." Artz also argues that he "has not committed violent offenses and is not inherently dangerous to others."

{¶ 17} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. In *State v. Rodeffer,* 2013–Ohio–5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse of discretion standard in reviewing a felony sentence, but would apply the standard of review set forth in R.C. 2953.08(G)(2).[1]

{¶ 18} According to PSI prepared for his original sentencing in December of 2013, Artz was forty-two years old when he committed the instant offenses. As noted by the trial court, Artz's PSI indicates that he has five prior OVI convictions and four prior convictions for driving under suspension. We note that there was also a prior conviction for child endangering in which Artz's alcohol abuse was a major factor. The record establishes that Artz clearly has an alcohol problem but refuses to obtain an assessment for alcohol counseling in violation of his community control sanctions and failed to complete treatment at West Central Probation Incentive Program. In fact, Artz admitted consuming alcohol to his probation officer in clear violation of his community control sanctions. Artz also failed to report to his probation officer from April of 2014 until August

---

[1]Since then, several opinions from this court have expressed reservations about whether that decision in *Rodeffer* is correct. *See, e.g., State v. Garcia,* 2d Dist. Greene No. 2013–CA–51, 2014–Ohio–1538, ¶ 9, fn.1; *State v. Dover,* 2d Dist. Clark No. 2013–CA–58, 2014–Ohio–2303, ¶ 23; *State v. Johnson,* 2d Dist. Clark No. 2013–CA–85, 2014–Ohio–2308, ¶ 9, fn.1; *State v. Byrd,* 2d Dist. Montgomery No. 25842, 2014–Ohio–2553, ¶ 44; *State v. Collins,* 2d Dist. Montgomery No. 25874, 2014–Ohio–2443, ¶ 21, fn. 1.

29, 2014.

{¶ 19} We note that although the trial court stated that Artz has two prior convictions for domestic abuse against Wendy Campbell, the record establishes that one of the cases wherein she was the complainant (2011 CR 2654/2655) was ultimately dismissed on December 15, 2011. However, shortly after the dismissal, Artz was convicted of a separate charge of domestic violence involving Campbell on December 30, 2011. Additionally, Artz was continuing to have contact with Campbell despite being ordered to stay away from her. Moreover, Artz admitted to lying to his probation officer regarding his contact with Campbell until he was confronted with the fact that he was illegally using her vehicle with her consent.

{¶ 20} We also find that Artz's attempt to characterize all of his prior offenses as non-violent is inaccurate. Regarding Artz's prior conviction for domestic violence, the PSI indicates that he "grabbed [Campbell] by the throat, and began choking her with his hands causing visible marks to her neck. With respect to the instant domestic violence charge which occurred on May 21, 2013, the PSI indicates that after arguing with Campbell, Artz picked up a tire and hit her in the head with it. When Campbell fell down after being struck, Artz began kicking her in the head and torso while wearing boots. The PSI stated that both Artz and Campbell appeared to be intoxicated at the time of the incident.

{¶ 21} The trial court found that consecutive sentences were necessary to protect the public and to punish Artz, and that such sentences were not disproportionate to the seriousness of his conduct or the danger he poses to the public, particularly in light of his history of criminal conduct and his failure to abide by the terms of community control

sanctions. In its judgment entry, the trial court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 22} Considering Artz's original offenses leading to the imposition of community control (domestic violence and possession of marijuana), the community control violations, and Artz's criminal history, we cannot clearly and convincingly find that the record does not support the trial court's imposition of consecutive sentences. Based on the totality of the record at the time of sentencing on the community control violations, we find that the trial court did not err when it determined (1) that a sentence imposing consecutive sentences for domestic violence and possession of marijuana, totaling twenty-six months in prison, was necessary to protect the public from future crime or to punish Artz; (2) that a consecutive sentence was not disproportionate to the seriousness of Artz's conduct and to the danger he posed to the public; and (3) that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 23} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). Upon review, we find no arguable merit in a contention that the trial court abused its discretion in imposing a consecutive sentence totaling twenty-six months in the instant case.

{¶ 24} With respect to Artz's Eighth Amendment challenge, we note that "Eighth Amendment violations are rare, and instances of cruel and unusual punishment are

limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person." (Citations omitted.) *State v. Mayberry,* 2014–Ohio–4706, 22 N.E.3d 222, ¶ 38 (2d Dist.); *State v. Harding,* 2d Dist. Montgomery No. 20801, 2006–Ohio–481, ¶ 77. Therefore, " 'as a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.' " *State v. Hairston,* 118 Ohio St.3d 289, 2008–Ohio–2338, 888 N.E.2d 1073, ¶ 21, quoting *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). Because Artz's prison terms fall within the specific ranges of punishment set forth by the legislature for his offenses, and the trial court concluded that he should serve those sentences consecutively, we do not find that the sentence constitutes cruel and unusual punishment under the Eighth Amendment.

{¶ 25} Artz's sole assignment of error is overruled.

{¶ 26} Artz's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
Anthony R. Cicero
Hon. Nick A. Selvaggio