[Cite as *State v. Palazzolo*, 2016-Ohio-7043.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150557 |
| | | TRIAL NO. B-1405757 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| STEPHEN PALAZZOLO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: September 30, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1}    Defendant-appellant Stephen Palazzolo pleaded guilty to one count of gross sexual imposition and three counts of attempted gross sexual imposition.  The trial court accepted his pleas, and sentenced him to consecutive terms of imprisonment totaling nine years.  Palazzolo now appeals and argues in two assignments of error that the trial court erred in sentencing him to maximum and consecutive terms, and also violated his right to due process of law by failing to allow him to respond to new sentencing information provided by the state at his sentencing hearing.  For the reasons below, we reject his assignments of error.  However, because the trial court failed to include its consecutive sentencing findings in its judgment entry, we remand this case for a nunc pro tunc entry to include the required findings.

## Background

{¶2}    Palazzolo pleaded guilty to one count of gross sexual imposition under R.C. 2907.05(A)(4), a third degree felony, and three counts of attempted gross sexual imposition under R.C. 2923.02, fourth degree felonies.  The victim in this case was Palazzolo's young daughter.  Before sentencing Palazzolo, the trial court ordered a presentence investigation ("PSI") report and a court clinic report.

{¶3}    The state filed a sentencing memorandum prior to Palazzolo's sentencing hearing.  In its memorandum, the state informed the court that Palazzolo had been convicted of two counts of gross sexual imposition in Clermont County, Ohio, in 2002 for similar acts involving young girls.  The state recommended that Palazzolo receive a prison term of not less than nine and a half years because the sentence was needed to protect the public.

{¶4} At Palazzolo's sentencing hearing, defense counsel informed the trial court that Palazzolo was classified as a "sexual predator" under Megan's Law for his 2002 convictions in Clermont County. In mitigation, defense counsel told the trial court that Palazzolo worked full time and had been honorably discharged from the United States Army for a pre-existing medical condition. Defense counsel recommended that the trial court impose a bifurcated sentence—a prison sentence with community control or judicial release on some counts—so that Palazzolo would have a longer, structured supervisory period. Palazzolo also addressed the trial court taking "full and sole responsibility for anything that is in this case." Palazzolo's mother, mother-in-law, and aunt also addressed the trial court. Collectively, they expressed that they believed that Palazzolo was innocent of the charges, as the child victim had a past of lying and there were no "signs" of abuse. They conveyed that Palazzolo was a good father who cared deeply for his children and worked hard to support them.

{¶5} The state responded to the mitigation by relying heavily on arguments set forth in its sentencing memorandum. The state expressed that Palazzolo had a history of this type of behavior, as illustrated by his previous convictions in another county. The state argued that Palazzolo would reoffend, as demonstrated by his past and information about other individuals who had come forward during the state's investigation. The state argued that prison time was appropriate, which was supported by the court clinic's report and the detective who investigated the case. The state emphasized that, with the plea agreement, the state "had cut" Palazzolo's possible sentence in half.

{¶6}   The trial court then permitted defense counsel to respond.   Counsel reminded the court that Palazzolo had been found guilty of and was being sentenced for only the four counts with one victim.

{¶7}   After permitting the parties to speak, the trial court proceeded with sentencing.   The trial court "considered all of the sentencing factors under 2929.11 and all of the [factors] under the 2929 code section."   The trial court emphasized that this was not Palazzolo's first offense, identified Palazzolo as a "predator" and believed that his conduct was reprehensible.   The trial court made a "finding [that] consecutive sentences are appropriate because it is necessary to protect the public. Consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that [he] pose[s] to the public."   The trial court also found "that the harm cause[d] by the offense was so great or unusual that no single prison term adequately reflects the seriousness of [Palazzolo's] conduct.   [And his] criminal history demonstrates the need for consecutive sentences to protect the public from future crime."

{¶8}   The trial court also recognized that Palazzolo pleaded guilty and took responsibility for his actions.   The trial court then sentenced Palazzolo on the following counts: (1) gross sexual imposition, five years' imprisonment; (2) attempted gross sexual imposition, 18 months' imprisonment; (3) attempted gross sexual imposition, 18 months' imprisonment; and (4) attempted gross sexual imposition, 12 months' imprisonment.   The trial court ordered the sentences to be served consecutively, for a total of nine years' imprisonment.

**Assignments of Error**

### I.  Palazzolo's Sentences Were Not Contrary to Law

{¶9}    In his first assignment of error, Palazzolo argues that the trial court erred in sentencing him to maximum and consecutive terms.  He argues that the trial court erred in failing to consider the seriousness of the crimes and recidivism factors under R.C. 2929.12 when it imposed the maximum sentences in his case.  He further argues that the trial court's order of consecutive sentences is contrary to law and was not supported by the record.  These arguments are not persuasive.

{¶10}    Pursuant to R.C. 2953.08(G), we may increase, reduce, modify, or vacate and remand a sentence if we clearly and convincingly find that either the record does not support the trial court's findings or that the sentence is otherwise contrary to law.  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶11}    Palazzolo was convicted of gross sexual imposition under R.C. 2907.05(A)(4), a third degree felony.  Because Palazzolo previously had been convicted of gross sexual imposition, R.C. 2907.05(C)(2) required that the trial court impose a prison term between 12 and 60 months.  R.C. 2929.14(A)(3).  For attempted gross sexual imposition, a fourth degree felony, the range for a prison term is between six and 18 months.  R.C. 2929.14(A)(4).

{¶12}    Here, the trial court sentenced Palazzolo within the range permitted by R.C. 2929.14, and explicitly stated that it considered the factors in R.C. 2929.11 and R.C. Chapter 2929 before it imposed the maximum sentence for counts one, two, and three of Palazzolo's four counts.  And we note that the trial court did not sentence Palazzolo to the maximum sentence on all counts, as the trial court recognized that, through his plea, Palazzolo had taken some responsibility for his actions.  We therefore find no error in the imposition of maximum terms of incarceration.

{¶13} Regarding the consecutive sentences, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A); *State v. Simmons*, 2014-Ohio-3695, 19 N.E.3d 517, ¶ 114 (1st Dist.). However, the trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *Simmons* at ¶ 114, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23. The statute does not require a trial court "to give a talismanic incantation of the words of the statute," so long as "the necessary findings can be found in the record." *Bonnell* at ¶ 37; *see State v. Davis*, 1st Dist. Hamilton No. C-140351, 2015-Ohio-775, ¶ 7.

{¶14} A three part analysis, pursuant to R.C. 2929.14(C)(4), is required to permit consecutive sentences. *See State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 15. The court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4); *Simmons* at ¶ 114, citing *Alexander* at ¶ 15. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. *Id.* And the court must make at least one of three additional findings:

> (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's

conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶15}     Here, the trial court found that consecutive sentences were necessary to protect the public, and that they were not disproportionate to the seriousness of Palazzolo's conduct and the danger that he posed to the public.  Despite Palazzolo's arguments that the trial court did not meet the third part of the consecutive sentencing analysis, the trial court found that Palazzolo's criminal history demonstrated the need for consecutive sentences in order to protect the public from future crime.  These findings were supported by the record.  Palazzolo's sentences are therefore not clearly and convincingly contrary to law.  The first assignment of error is overruled.

{¶16}     However, we note that the trial court failed to make its findings a part of the judgment entry as required by *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus.  This failure does not render the sentence contrary to law, as the clerical mistake may be corrected through a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing*. State v. Jacquillard*, 1st Dist. Hamilton No. C-140001, 2014-Ohio-4394, ¶ 9.  We therefore remand the case for a nunc pro tunc entry correcting the omission of the consecutive sentences findings from the trial court's judgment entry.

## II.     The Trial Court Did Not Violate Palazzolo's Due Process Rights

{¶17}     In his second assignment of error, Palazzolo asserts that the trial court violated his right to due process by failing to allow him to respond to new sentencing information provided by the state at the sentencing hearing.  Palazzolo did not raise

this error below, and has therefore forfeited all but plain error. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16.

{¶18} Crim.R. 32(A) sets forth the rights of both the defendant and the state to speak at a sentencing hearing. "The failure to afford a defendant his right of allocution is not insignificant[,] * * * [as] 'it represents a defendant's last opportunity to plead his case or express remorse.' " (Citations omitted.) *State v. Crawley*, 1st Dist. Hamilton Nos. C-150403 and C-150422, 2016-Ohio-658, ¶ 8, quoting *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000).

{¶19} Here, defense counsel and the defendant addressed the court during mitigation. The state, in response, spoke of matters that it had addressed in its sentencing memorandum that had been filed with the court prior to the hearing, including the previous convictions in Clermont County. The state did not present new information to the court. Indeed, the points argued by the state at sentencing, in particular the facts surrounding Palazzolo's prior history, were disclosed in the sentencing memorandum. Palazzolo was afforded his right to allocution, and defense counsel was able to respond briefly to the state's remarks.

{¶20} We do not find any error, let alone plain error. We therefore overrule Palazzolo's second assignment of error.

## Conclusion

{¶21} We affirm the judgment of the trial court, but remand the cause for a nunc pro tunc entry correcting the omission of the consecutive sentences findings from its judgment entry.

Judgment affirmed and cause remanded.

**FISCHER, P.J.,** and **DeWINE, J.,** concur.

**Please note:**

This court has recorded its own entry this date.