[Cite as *State v. Jackson*, 2016-Ohio-7800.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27101 |
| | : | |
| v. | : | T.C. NO. 10CR1126 |
| | : | |
| DENNIS D. JACKSON | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of _____November_____, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DENNIS D. JACKSON, #645-759, North Central Correctional Institution, P. O. Box 1812, Marion, Ohio 43301
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Dennis D. Jackson, pro se, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, overruling his motion to vacate court costs. Jackson filed a timely notice of appeal with this Court on May 2, 2016.

{¶ 2} In December of 2010, a jury found Jackson guilty of three counts of murder, two counts of aggravated burglary, two counts of aggravated robbery, and two counts of felonious assault. Each count was accompanied by a firearm specification. At sentencing, the trial court merged the counts of murder and felonious assault into one count of murder, and sentenced Jackson to fifteen years to life for that offense. The trial court also merged the two counts of aggravated burglary and the two counts of aggravated robbery; the court sentenced Jackson to ten years for aggravated burglary and ten years for aggravated robbery, to be served concurrently to one another, but consecutively to the sentence for murder. All of the firearm specifications were also merged, and Jackson was sentenced to three additional years of actual incarceration on the firearm specification, for an aggregate term of twenty-eight years to life in prison. The trial court also ordered Jackson to pay court costs.

{¶ 3} Thereafter, Jackson filed a direct appeal in this Court, and we affirmed his conviction in *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, issued on May 25, 2012 (hereinafter "*Jackson I*").

{¶ 4} Pertinent to the instant appeal, on April 19, 2016, Jackson filed a motion to vacate court costs. In his motion, Jackson argued that his trial counsel was ineffective for failing to move for a waiver of courts costs at sentencing. Jackson also argued that the trial court erred by failing to determine his present and future ability to pay before imposing court costs. Lastly, Jackson challenged the constitutionality of O.A.C. § 5120-5-03, which sets out the guidelines for withdrawing funds from an inmate's prison account for payment of court-ordered financial obligations. In a decision and entry issued the same day, the trial court overruled Jackson's motion to vacate court costs.

{¶ 5} It is from this judgment that Jackson now appeals.

{¶ 6} Because they interrelated, Jackson's first and second assignments of error will be discussed together as follows:

{¶ 7} "APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS WHEN HIS TRIAL ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL VIOLATING HIS FIFTH, SIXTH AND FOURTHEENTH U.S. CONSTITUTIONAL AMENDMENT RIGHTS, AND OHIO CONSTITUTIONAL RIGHTS UNDER ARTICLE I, SECTION 10."

{¶ 8} "TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE COURT COST."

{¶ 9} In his first assignment, Jackson argues that he received ineffective assistance when his trial counsel failed to object to the trial court's imposition of court costs during his sentencing hearing, failed to file waiver of court costs at sentencing, and failed to file an affidavit of indigency. In his second assignment, Jackson argues that the trial court abused its discretion when it overruled his motion to vacate costs filed on April 19, 2016.

{¶ 10} In order to establish ineffective assistance of counsel, Jackson must show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373 (1989). With respect to deficiency, Jackson must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. With respect to prejudice, Jackson must show that there is a reasonable probability that but for his counsel's unprofessional errors,

the outcome of the proceeding would have been different. *Id.* at 694.

{¶ 11} In his first assignment, Jackson argues that he received ineffective assistance when his counsel failed to object to the imposition of court costs, file a waiver of court costs, and/or file an affidavit of indigency. Initially, we note that Jackson failed to raise any of these issues in his direct appeal. Accordingly, Jackson's first assignment is barred by res judicata. "Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *State v. Lane,* 2d Dist. Greene No. 2014–CA–54, 2015–Ohio–2712, ¶ 13, citing *State v. Wilson,* 2d Dist. Montgomery No. 23129, 2013–Ohio–180, ¶ 47–48. " 'If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *Id.,* quoting *State v. Franklin,* 2d Dist. Montgomery No. 19041, 2002–Ohio–2370, ¶ 9, citing *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 12} In the instant case, it is clear that Jackson could have raised the ineffective assistance claim at issue on direct appeal, as his counsel's failure to object to the imposition of court costs, file a waiver of court costs, and/or file an affidavit of indigency does not rely on evidence outside the record. Therefore, the arguments made by Jackson in his first assignment of error are barred by res judicata. *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 10.

{¶ 13} Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White,* 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶ 8. On March 18, 2010, the Ohio

Supreme Court held that a trial court must orally notify a defendant at sentencing that the court is imposing court costs. *State v. Joseph,* 125 Ohio St.3d 76, 2010–Ohio–954, 926 N.E.2d 278, ¶ 22, citing Crim.R. 43(A). Jackson was notified both orally and in writing in his judgment entry of conviction that he had to pay the costs of his prosecution.

{¶ 14} While acknowledging that it had the jurisdictional ability to do so, the trial court found that under R.C. 2947.23(C), waiving the payment of Jackson's court costs while he remains incarcerated "would defeat the legislative mandate regarding court costs." As stated above, R.C. 2947.23 requires the trial court to impose court costs, regardless of indigency. *State v. Lux,* 2d Dist. Miami No. 2010 CA 30, 2012–Ohio–112, ¶ 46, citing *White,* 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, at ¶ 8. "A trial court has no duty to waive court costs; it has discretion whether to do so, and R.C. 2949.092 does not provide standards for the exercise of that discretion." *State v. Fuller,* 2d Dist. Montgomery No. 25380, 2013–Ohio–3274, ¶ 18, citing *Lux* at ¶ 47.

{¶ 15} In his affidavit attached to his motion to vacate court costs, Jackson makes the following averments:

3. That I am currently paying child support at $61.20 per month which is automatically deducted from my state pay every month, and owe over $19,000.00 in arrears which has accumulated since being incarcerated, and which also must be paid off and will continue to be deducted from my inmate account even after termination of such order.

4. I work at the prison, and must pay for medical expenses and co-pay, utility charges, pay for pen, paper, and stamps to draft and mail out legal work which as clearly established in *Bounds v. Smith*, 430 U.S. 817, 97

S.Ct. 1491, 52 L.Ed.2d 72, must be, but is not provided by the [S]tate of Ohio to indigent prisoners which such is a denial of an access to courts and a Constitutional violation.

{¶ 16} Noticeably absent from Jackson's affidavit is any evidence regarding how much money he earns from his prison job and a complete accounting of the funds available in his prison account. Moreover, Jackson fails to establish that the amount of money present in his prison bank account is insufficient to cover his monthly garnishments while still satisfying O.A.C. §5120–5–03(D), which authorizes the garnishment of an inmate's account to satisfy the inmate's obligations to the court as long as the account retains $25.00 for inmate expenditures. Additionally, in its decision overruling Jackson's motion to vacate, the trial court found that the garnishment of funds placed into his prison account may be sufficient to satisfy "some portion" of his court costs. The trial court also found that provided that the statutory minimum amount remains in Jackson's prison account, then he can be required to pay court costs pursuant to R.C. 2947.23. In light of the foregoing, we therefore conclude that the trial court did not abuse its discretion when it overruled Jackson's motion to vacate court costs.

{¶ 17} Jackson's first and second assignments of error are overruled.

{¶ 18} Jackson's third and final assignment of error is as follows:

{¶ 19} "THE APPLICATION OF [O.A.C. §] 5120-05-03 IS A CONSTITUTIONAL VIOLATION UNDER THE UNITED STATES AND OHIO CONSTITUTION."

{¶ 20} In his third and final assignment, Jackson contends that application of O.A.C. § 5120–5–03 is unconstitutional because the rule "in effect prevents redress and violates [an] inmate's constitutional rights to access of the Courts" by restricting said

inmate's ability to make copies and file motions, petitions, and other documents in his or her case. Specifically, Jackson argues that O.A.C. § 5120–5–03 violates the Due Process and Equal Protection Clauses of the Ohio and United States Constitutions. Jackson also argues that the implementation of O.A.C. § 5120–5–03 to prison inmates constitutes cruel and unusual punishment.

**{¶ 21}** O.A.C. § 5120–5–03(A) states in pertinent part:

(A) The purpose of this rule is to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the department of rehabilitation and correction (DRC), upon receipt of a certified copy of a judgment of a court of record in an action in which an inmate was a party that orders an inmate to pay a stated obligation. The DRC may apply such money toward payment of the stated obligation to the court or in another matter as directed by the court.

**{¶ 22}** As previously stated, O.A.C. § 5120–5–03(D) authorizes the garnishment of an inmate's account to satisfy the inmate's obligations to the court as long as the account retains $25.00 for inmate expenditures. Jackson argues that this regulation violates his constitutional rights because it imposes an unjust burden on prison inmates.

**{¶ 23}** " '[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system.' " *State v. Threatt,* 108 Ohio St.3d 277, 2006–Ohio–905, 843 N.E.2d 164, ¶ 15, quoting *Strattman v. Studt,* 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969). "Although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Id.* Thus, the purpose of O.A.C. 5120–5–03 is

the collection of a valid judgment to relieve the burden taxpayers would have to pay as a result of the convict's criminal actions. Therefore, we find that O.A.C. 5120–5–03 is rationally related to a legitimate government interest and comports with equal protection. *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 71.

{¶ 24} Additionally, we have also held that while a defendant's indigent status may not operate to deprive him of the substantive constitutional rights guaranteed to every criminal accused, indigent status "does not shield him from the burdens imposed on him by the law in the event of conviction. One of these is an obligation to pay for the costs of the action that resulted in his conviction. If he owns property that can be applied against the obligation, the court may order it seized, notwithstanding his penury." *State v. Costa*, 2d Dist. Greene No. 99CA014, 1999 WL 957647, * 2 (September 3, 1999), citing *State v. Engle*, 2d Dist. Greene No. 98CA125, 1999 WL 147920, * 5 (March 19, 1999). Therefore, the withdrawal of funds from an inmate's account pursuant to O.A.C. 5120–5–03 in order to satisfy the inmate's legal obligations does not violate his or her due process rights. *Costa* at *2. "Whether the [twenty-five] dollar minimum which a prisoner may maintain is sufficient for his needs is an administrative decision wholly committed to the discretion of the Department and not subject to judicial review." *Id.*

{¶ 25} Lastly, O.A.C. 5120–5–03 does not violate the constitutional prohibition against cruel and unusual punishments. We have commented that " 'Eighth Amendment violations are rare, and instances of cruel and unusual punishment are limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person.' Therefore, 'as a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.' " (Citations

omitted.) *State v. Artz,* 2d Dist. Champaign No. 2014–CA–34, 2015-Ohio-3789, ¶ 24.

**{¶ 26}** As previously stated, "although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Threatt, supra,* at ¶ 15. An order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. *State v. Lamb,* 163 Ohio App.3d 290, 2005-Ohio-4741, 837 N.E.2d 833, ¶ 13 (2d Dist.). As such, the creditor, i.e., the court, can collect the *money it is due by the methods provided for the collection of civil judgments. Id.* Therefore, because the collection of court costs pursuant to O.A.C. 5120–5–03 is not punitive in nature, the constitutional prohibition against cruel and unusual punishment is not implicated.

**{¶ 27}** Jackson's third and final assignment of error is overruled.

**{¶ 28}** All of Jackson's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., dissenting:

**{¶ 29}** A trial court is required to impose costs even if the defendant is indigent; however, a trial court has the discretion to waive payment for court costs pursuant to R.C. 2947.23(C).

**{¶ 30}** Here, the court held that although "suspension or vacating the payment of court costs while [Appellant] remains incarcerated is, under [R.C.] 2947.23(C), within the court's jurisdictional ability, . . . it would defeat the legislative mandate regarding costs.

The legislature has concluded costs must be ordered, indicating a legislative intent that such costs be collected."  I would find such decision not to be an exercise of judicial discretion, but rather an interpretation of a statute that the court found requires the collection of costs.

{¶ 31} There may be circumstances in this case that warrant the trial court's discretionary denial of the waiver of payment, but they were not the basis of the court's decision, and I would remand for the court to exercise its discretion.

. . . . . . . . . .

Copies mailed to:

Andrew T. French
Dennis D. Jackson
Hon. Michael L. Tucker