[Cite as *State v. White*, 2023-Ohio-4391.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230165 |
| | | TRIAL NO. B-1806227 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| HAROLD WHITE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: December 6, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}    Following a remand for resentencing by this court, defendant-appellant Harold White appeals the sentences imposed at the resentencing hearing.  We find no merit in his two assignments of error, and we affirm the trial court's judgment.

### *Facts and Procedure*

{¶2}    After a jury trial, White was found guilty of two counts of rape, one count of third-degree gross sexual imposition, two counts of fourth-degree gross sexual imposition, and 17 counts of endangering children.  The trial court sentenced him to life imprisonment for each rape, 36 months for the third-degree-felony count of gross sexual imposition, 18 months for each fourth-degree-felony count of gross sexual imposition, and 36 months for each of the counts of endangering children.  The court ordered that all the sentences were to run consecutively to each other.  It later entered a nunc pro tunc order stating that the sentences for the rapes were 15 years to life.

{¶3}    On direct appeal, this court upheld the jury's guilty findings on all counts.  We rejected White's argument that his sentences should have been concurrent rather than consecutive because the court made the required findings set forth in former R.C. 2929.14(C), and those findings were supported by the record.  But we held that the court improperly used a nunc pro tunc entry to amend the sentences on the rape counts.  Consequently, we vacated the sentences on the rape counts and remanded the matter to the trial court to resentence White on those counts.  We also ordered the court to calculate jail-time credit and include it in the sentencing entry, recalculate the aggregate sentence, include the proper parole statute governing rape in the entry.  *State v. White*, 1st Dist. Hamilton No. C-190589, 2021-Ohio-1644, ¶ 101-111 ("*White I*").

{¶4}    On remand, the trial court held a sentencing hearing.  Defense counsel asked the court to "consider a complete resentencing in this case."  Counsel then discussed mitigation, and the court permitted White to make a statement.  The trial court then stated that it had reviewed the case at length and had found "no basis for reconsidering the Court's sentence."  While the court disagreed with defense counsel's assertion that it could "revisit the entirety of the sentence," it stated that even if it did have that authority, it "would not exercise it in its discretion under the facts of this case, and the Court would impose the same sentence."  The court journalized an entry to that effect, and this appeal followed.

### Scope of the Resentencing Hearing

{¶5}    White presents two assignments of error for review.  In his first assignment of error, he contends that the trial court erred in resentencing him.  He argues that the trial court did not make the required findings to support consecutive sentences in open court at the resentencing hearing.  He also argues that the trial court failed to impose prison terms on all counts except the rape counts.  This assignment of error is not well taken.

{¶6}    In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses.  R.C. 2929.41(A); *State v. Harris*, 1st Dist. Hamilton Nos. C-170266 and C-170267, 2018-Ohio-2850, ¶ 8.  The trial court may overcome that presumption by making the findings set forth in former R.C. 2929.14(C).  *State v. Hutcherson*, 1st Dist. Hamilton No. C-190627, 2020-Ohio-5321, ¶ 10; *State v. Palazzolo*, 1st Dist. Hamilton No. C-150557, 2016-Ohio-7043, ¶ 13.

{¶7}    When imposing consecutive sentences, a trial court must make the required findings as part of the sentencing hearing and incorporate those findings in the sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d

659, syllabus; *State v. Walker*, 1st Dist. Hamilton No. C-190193, 2020-Ohio-1581, ¶ 68. The record must show that the court engaged in the requisite analysis and that the evidence supports the findings. *Walker* at ¶ 68; *State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 43. But the trial court "has no obligation to state reasons in support of its findings * * *." *Bonnell* at syllabus; *State v. Brown*, 2019-Ohio-1455, 129 N.E.3d 524, ¶ 28 (1st Dist.).

{¶8} The judgment entry in this case contains the required findings. At the resentencing hearing, the court stated, "The prior sentencing proceeding made all the appropriate findings to support consecutive sentences. This court reviewed those findings, and I think it is appropriate in this case." It added, "I adopted and incorporated the original sentencing Court's findings to support consecutive sentences. I make the same findings based on my review of the record in this case." Thus, White argues that the court failed to make those findings as part of the sentencing hearing.

{¶9} In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Ohio Supreme Court discussed the scope of a resentencing hearing on remand. In that case, the appellate court had held that the defendant was improperly sentenced on two allied offenses. It vacated the defendant's sentences and remanded the matter for a new sentencing hearing at which the prosecutor would have the opportunity to elect which of the allied offenses to pursue. It also held that the defendant's arguments that his sentence was inconsistent with the sentences imposed on his codefendants and that the judge's statements at the hearing showed judicial bias were moot.

{¶10} The state appealed to the Ohio Supreme Court, arguing that the scope of the resentencing judge's authority upon remand was limited to accepting the state's election among allied offenses. The court stated that when a cause is remanded to a trial court to correct an allied-offense error, the court must hold a new sentencing

hearing for the offenses that remained after the state selects which allied offense to pursue. *Id*. at paragraph one of the syllabus. As to the issue of the scope of the resentencing hearing, it stated that while a remand for a new sentencing hearing generally anticipates a de novo sentencing hearing, only the sentences for the offenses that were affected by the appealed error are reviewed de novo. The sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *Id*. at ¶ 15.

{¶11} This court has followed *Wilson* in holding that while the sentences for the offenses that were affected by the appealed error are reviewed de novo, the sentences for any offenses that were not affected by error are not vacated and are not subject to review. *See State v. Ruff*, 1st Dist. Hamilton Nos. C-160385 and C-160386, 2017-Ohio-1430, ¶ 9-12; *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-140052, 2015-Ohio-3966, ¶ 17.

{¶12} In our previous opinion, we remanded the cause to the trial court for it to do four specific things: (1) impose a sentence for each rape offense consistent with our opinion; (2) calculate jail-time credit and include it in the sentencing entry; (3) recalculate the aggregate sentence; and (4) include the proper parole statute governing rape. We affirmed the trial court's judgment in all other respects, including the imposition of consecutive sentences. *White I*, 1st Dist. Hamilton No. C-190589, 2021-Ohio-1644, at ¶ 111.

{¶13} Therefore, the trial court was only required to conduct a de novo hearing on the issues we remanded for the court to consider, which did not include whether consecutive sentences were properly imposed. The trial court did not need to make the required findings justifying the imposition of consecutive sentences at the resentencing hearing, and therefore, it did not err in failing to state the findings for consecutive sentences.

{¶14} White also argues that the trial court failed to impose prison terms on counts three to 23 in open court. Because the scope of the resentencing hearing did not include imposing sentences on any counts besides the rape counts, the trial court was not required to reimpose those sentences. Therefore, we overrule White's first assignment of error.

### *Propriety of Consecutive Sentences*

{¶15} In his second assignment of error, White contends that the trial court erred in imposing consecutive sentences where the record did not adequately support "levying an aggregate term that is tantamount to a death sentence." He argues that the trial court erred in summarily imposing consecutive terms without considering the overall aggregate term to be imposed. He also argues that the record does not clearly and convincingly support the imposition of consecutive sentences. This assignment of error is not well taken.

{¶16} Before a reviewing court can modify or vacate a felony sentence, it must clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings. R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶17} White relies on State v. *Gwynne*, Slip Opinion No. 2022-Ohio-4607, which has had a complicated history. It has been appealed several times. We will refer to it as "*Gwynne IV*." In that case, the Ohio Supreme Court emphasized that appellate courts review consecutive sentences under R.C. 2953.08(G)(2). It stated,

> R.C. 2953.08(G)(2) gives some amount of deference to a trial court's decision concerning consecutive sentences. But this deference—unlike types of deference that are more traditionally associated with appellate

review—does not stem from any obligation on the part of the appellate court to defer to the trial court's findings. Instead, it comes from the legislature's determination that an appellate court must use a higher evidentiary standard—as opposed to the one the trial court uses when making the findings—when it reviews the record and determines whether to exercise its authority under R.C. 2953.08(G)(2) to reverse or modify the trial court's order of consecutive sentences.

*Gwynne IV* at ¶ 18.

{¶18} Its holding was two-fold. First, the consecutive-sentences findings are not "simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences. Rather, these findings must be made in consideration of the aggregate term to be imposed." *Id.* at ¶ 1. Second, "appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive sentence findings." *Id.*

{¶19} Subsequently, the state filed a motion for reconsideration. In *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*"), the Supreme Court granted that motion and vacated its prior decision in *Gwynne IV*. In stating its reasons for granting the motion, the court said that "the standard of review established by the majority in *Gwynne IV* is contrary to the plain language of R.C. 2953.08(G)(2). The majority announced a de novo standard of review, but the statute requires an appellate court to defer to the trial court's consecutive sentence findings." *Gwynne V* at ¶ 4.

{¶20} After discussing the plain language of R.C. 2953.08(G)(2), the court stated:

The language of R.C. 2953.08(G)(2) mandates that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings. The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative.

*Gwynne V* at ¶ 13.

{¶21} The court also rejected the concept that in reviewing consecutive sentences, the court must look at the aggregate sentence. R.C. 2929.14(C), which sets forth the findings the trial court must make before it imposes consecutive sentences, uses both the terms "consecutive sentences" and "consecutive service." It stated that both of those terms "have only one relevant meaning: the running of two or more sentences one right after the other. * * * Neither of these terms is synonymous with the term 'aggregate sentence,' which means '[t]he total sentence imposed for multiple convictions. * * * .' " (Citations omitted.) *Id.* at ¶ 21.

{¶22} Applying the holding in *Gwynne V*, we defer to the trial court's findings unless the record clearly and convincingly does not support the trial court's findings, and we need not consider the aggregate sentence. White argues that the record does not clearly and convincingly support the trial court's findings justifying consecutive sentences. We vehemently disagree. His argument relies on his version of the facts, which the jury did not believe. The facts of this case are horrific, and the evidence of sexual and physical abuse inflicted on the small children supports the trial court findings, as we previously held in *White I*. *White I*, 1st Dist. Hamilton No. C-190589, 2021-Ohio-1644, at ¶ 102.

{¶23} White also argues that consecutive sentences are reserved for the worst offenses and offenders. White's offenses undoubtedly qualify as the worst. The

consecutive sentences originally imposed by the trial court were supported by the record. Accordingly, we overrule White's second assignment of error.

{¶24} In sum, we find no merit in White's arguments. The sentences imposed by the trial court on remand were proper, and therefore, we overrule both of his assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **BOCK, J.,** concur.

Please note:

    The court has recorded its own entry this date.