[Cite as *State v. Norris*, 2023-Ohio-4057.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 0408 |
| | : | |
| ADAM T. NORRIS, II | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 9, 2023

. . . . . . . . . . .

THOMAS A. KIDD, JR., Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Adam T. Norris, II appeals from his conviction following a jury trial on multiple counts of aggravated drug possession and aggravated drug trafficking.

{¶ 2} Norris contends the trial court miscalculated his maximum sentence under the Reagan Tokes Law. He also challenges the trial court's imposition of consecutive

sentences and argues that the Reagan Tokes Law is unconstitutional.

{¶ 3} We agree that the trial court misapplied the Reagan Tokes Law when computing Norris's maximum sentence. The trial court did not err, however, in imposing consecutive sentences. Finally, we reject Norris's challenge to the constitutionality of the Reagan Tokes Law.

{¶ 4} Having found error in the computation of Norris's maximum sentence, we will reverse the trial court's judgment in part and remand the case for correction of the sentencing error. In all other respects, the judgment of the trial court will be affirmed.

## I. Background

{¶ 5} A grand jury indicted Norris on four felony counts of aggravated drug trafficking and four felony counts of aggravated drug possession. The case proceeded to trial before a jury, which found Norris guilty on all counts.

{¶ 6} Following merger of allied offenses, the trial court imposed a definite two-year prison sentence on count one, aggravated drug trafficking, a third-degree felony. It imposed two indefinite prison sentences of eight to 12 years each on counts three and five, aggravated drug trafficking, second-degree felonies. The trial court ordered the indefinite sentences on counts three and five to be served consecutively. It ordered the two-year prison term on count one to be served concurrently with counts three and five. The trial court stated that the aggregate prison term was a minimum of 16 years and a maximum of 24 years. Norris timely appealed, advancing three assignments of error.

## II. Maximum Sentence under Reagan Tokes Act

{¶ 7} In his first assignment of error, Norris challenges the trial court's calculation

of his maximum prison term under the Reagan Tokes Law. Norris contends the aggregate maximum term was 20 years, not 24 years. The State concedes error and acknowledges that the maximum term should have been 20 years.

{¶ 8} Upon review, we conclude that the trial court erred in imposing an aggregate maximum prison term of 24 years. The parties agree that the second-degree felony convictions on counts three and five were governed by the Reagan Tokes Law. Therefore, calculation of the proper maximum prison term was governed by R.C. 2929.144(B)(2). As relevant here, R.C. 2929.144(B)(2) provides:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender * * * and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

{¶ 9} The trial court ordered consecutive service on two second-degree felonies. Thus, under R.C. 2929.144(B)(2) it was required to add the two eight-year minimum terms, resulting in a maximum term of 16 years plus four years, which was fifty percent of the longest minimum. We addressed an identical situation in *State v. Stutz*, 2d Dist. Montgomery No. 29521, 2023-Ohio-1082, and explained:

> According to R.C. 2929.144(B)(2), when imposing consecutive sentences on Reagan Tokes qualifying offenses (generally first and second

degree felonies not carrying life-tails, in this case Counts I and II), "the court shall add all of the minimum terms imposed on the offender * * * for a qualifying felony * * * and the maximum term shall be equal to the total of those terms so added by the court plus fifty percent of the longest minimum term * * * for the most serious felony being sentenced." In other words, when running qualifying offenses consecutively, the court must add up the minimum terms of the Reagan Tokes qualifying offenses (in this case 8 years + 8 years = 16 years) and then add 50% of the minimum for the most serious one being sentenced (50% of 8 years is 4 years). Based on the statute, then, the most Stutz could have been sentenced to on the second-degree felonies was 20 years (8 + 8 + 4 = 20), not 24 years as described by the trial court.

*Id.* at ¶ 30.

{¶ 10} Based on the foregoing authority, we will remand the case for correction of the trial court's sentencing error. The first assignment of error is sustained.

### III. Consecutive Sentencing

{¶ 11} In his second assignment of error, Norris challenges the trial court's imposition of consecutive sentences on counts three and five. He argues that the record does not support the trial court's consecutive-sentence findings.

{¶ 12} When multiple prison terms are imposed, Ohio law presumes those sentences will run concurrently rather than consecutively. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) permits the imposition of consecutive sentences if the trial court makes the mandatory sentencing findings prescribed by the statute. Specifically, the trial

court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following three findings is made:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 13} "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). Under R.C. 2953.08(F), the "record" includes, among other things, any presentence or other report submitted to the trial court, the trial record in the case, and

any oral or written statements made by or submitted to the trial court at the sentencing hearing. The clear-and-convincing standard requires "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 14} In Norris's case, the trial court made the findings required by R.C. 2929.14(C)(4) regarding the necessity and proportionality of consecutive sentences. It also determined that R.C. 2929.14(C)(4)(a) and (c) both applied, even though the existence of either was sufficient to impose consecutive sentences. When ordering consecutive service on counts three and five, the trial court stated:

> The Court has decided that the defendant shall serve consecutive service pursuant to O.R.C. 2929.14(C)(4) because the Court finds that consecutive service is necessary to protect the public from future crime or to punish the defendant. And consecutive service is not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant imposes [sic] to the public.

> And the Court further finds, specifically, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing; or was under a sanction imposed under section 2929.16, .17, or .18 of the Revised Code; or was under post release control at the time of the offense with a prior[.] [sic]

> Further, the defendant's history of criminal conduct demonstrates that consecutive service is necessary to protect the public from future crime

by the defendant; and specifically, further, that the defendant has an extensive criminal history which includes convictions for drug trafficking and offenses of violence. Specifically, defendant was under post release control supervision with the Adult Parole Authority at the time of the present offenses as a result of sentences being imposed for three counts of drug trafficking, felonies of the second and third degree in Greene County Common Pleas Court case number 2018 CR 0220.

Transcript Vol. II at 484-485.

{¶ 15} Norris contends the record clearly and convincingly does not support the trial court's findings. He notes that the trial court did not order a presentence investigation prior to sentencing. He also cites the absence of any comparison of the length of his prior sentences with the 16-year minimum term imposed in this case. Norris additionally contends the trial court failed to identify his prior violent offenses or to specify when they occurred. In light of these perceived deficiencies, Norris urges us to modify his sentence to wholly concurrent terms.

{¶ 16} Upon review, we find Norris's argument to be unpersuasive. Having reviewed the record, we lack a firm conviction or belief that the evidence failed to support the trial court's findings under R.C. 2929.14(C)(4). A jury found Norris guilty of possessing and selling methamphetamine on three separate dates in 2022. The quantity of methamphetamine involved in the two counts for which he received consecutive sentences was between five and 50 times the bulk amount.

{¶ 17} The State's sentencing memorandum indicated that Norris was on post-

release control at the time of his current offenses. The memorandum identified his prior case as Greene County Common Pleas Court case number 2018 CR 20. The memorandum stated that the prior case involved three counts of drug trafficking for which Norris had received a three-year prison sentence. The memorandum indicated that he had been released from prison on December 27, 2020, and had been placed on three years of post-release control. Accompanying the memorandum was correspondence from the Ohio Department of Rehabilitation and Correction to the prosecutor confirming Norris's post-release control status in Case No. 2018 CR 20.

{¶ 18} In his own sentencing memorandum, Norris admitted his prior history of selling drugs, his prior convictions for "similar behavior," his prior incarceration, his post-release-control status, and his receipt of drug treatment and education while in prison. During the sentencing hearing, the prosecutor also made unchallenged representations that Norris previously had served a prison sentence on three separate cases for offenses including aggravated drug trafficking, domestic violence, and disrupting public services. The prosecutor stressed that Norris had committed his current drug offenses while on post-release control for aggravated drug trafficking.

{¶ 19} Despite the absence of a presentence investigation report,[1] the record adequately supported the trial court's consecutive-sentence findings. We certainly do not

---

[1] On appeal, the State suggests that no presentence investigation was necessary because the judge who presided over Norris's prior drug-trafficking case also presided over the current case, meaning that the judge already was familiar with Norris's criminal history. Norris correctly notes in his reply brief, however, that nothing in the record before us establishes that the same judge presided over both cases. Therefore, for purposes of our analysis, we will not presume that the sentencing judge had preexisting familiarity with Norris's record.

have a firm conviction or belief that the findings were unsupported. The trial court had an evidentiary basis for concluding that Norris was on post-release control for aggravated drug trafficking at the time of his current offenses, which involved selling methamphetamine. As noted above, Norris admitted engaging in prior drug-trafficking activity and having prior convictions for "similar behavior." He also acknowledged that he previously had received drug treatment and education in prison and that he was on post-release control when he committed the present offenses. Although Norris complains that the record lacked evidence regarding the length of his prior imprisonment or the nature of any prior offenses of violence, the prosecutor's unchallenged sentencing memorandum represented that he previously had received at least a three-year prison sentence, and the prosecutor represented at sentencing that one of Norris's prior offenses was domestic violence. Norris did not dispute the accuracy of any of this information.

{¶ 20} In short, we find evidentiary support for the trial court's findings under R.C. 2929.14(C)(4) regarding the necessity and proportionality of consecutive sentences as well as the trial court's determination that R.C. 2929.14(C)(4)(a) and (c) both applied. Therefore, the trial court did not err in imposing consecutive sentences on counts three and five. The second assignment of error is overruled.

### IV. Constitutionality of Reagan Tokes Law

{¶ 21} In his third assignment of error, Norris challenges the constitutionality of the indefinite sentencing scheme in the Reagan Tokes Law. He claims it violates the right to trial by jury, the separation-of-powers doctrine, and due process. Norris acknowledges that we consistently have upheld the constitutionality of the Reagan Tokes Law. He

explains that he raises a constitutional challenge on appeal only "to preserve the issue should the Supreme Court of Ohio rule otherwise."

{¶ 22} Upon review, we conclude that the Reagan Tokes Law is constitutional. In *State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, we rejected the same constitutional arguments Norris raises. In so doing, we noted that this court has examined and rejected those arguments numerous times. *Id.* at ¶ 11. Shortly after Norris filed his appellate brief, the Ohio Supreme Court also addressed the constitutionality of the Reagan Tokes Law, holding that it did not violate a defendant's right to a jury trial, the separation-of-powers doctrine, or due process. *See State v. Hacker*, Ohio Slip Opinion No. 2023-Ohio-2535, __ N.E.3d __.

{¶ 23} Based on *Hacker* and the long line of authority from this court upholding the constitutionality of the Reagan Tokes Law, we overrule Norris's third assignment of error.

## V. Conclusion

{¶ 24} Having sustained the first assignment of error, we affirm in part and reverse in part the judgment of the Greene County Common Pleas Court. The case is remanded for the trial court to impose a maximum term of 20 years in prison.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.