[Cite as *State v. Hudson*, 2024-Ohio-866.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                                       :
                                                   :
        Appellee                                   :   C.A. No. 2023-CA-25
                                                   :
v.                                                 :   Trial Court Case Nos. 2022 CR 254;
                                                   :   2023 CR 103
RACHEL E. HUDSON                                   :
                                                   :   (Criminal Appeal from Common Pleas
        Appellant                                  :   Court)
                                                   :

. . . . . . . . . . .

O P I N I O N

Rendered on March 8, 2024

. . . . . . . . . . .

ANNE HARVEY, Attorney for Appellant

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Rachel E. Hudson appeals from her convictions in the Champaign County Court of Common Pleas. She pled guilty to two counts of aggravated possession of drugs, one count of failure to appear, and one count of aggravated trafficking in drugs, and she was sentenced to an aggregate prison term of 44 months.

For the reasons that follow, the judgments of the trial court will be affirmed.

## I.       Facts and Procedural History

{¶ 2} In late 2022 and early 2023, Hudson had multiple drug-related contacts with the Urbana Police Department. Her arrests resulted in indictments on eight counts of aggravated possession of drugs, three counts of aggravated trafficking in drugs, and one count of failure to appear. On June 15, 2023, Hudson withdrew her former not guilty pleas and entered pleas of guilty to two counts of aggravated possession of drugs (Champaign C.P. No. 2022 CR 254, Counts 3 and 4), fifth-degree felonies; one count of failure to appear (Champaign C.P. No. 2022 CR 254, Count 9), a fourth-degree felony; and one count of aggravated trafficking in drugs (Champaign C.P. No. 2023 CR 103, Count 1), a third-degree felony. The other indicted counts were dismissed as part of the plea agreement.

{¶ 3} After the completion of a presentence investigation, Hudson was sentenced in Case No. 2022 CR 254 to six months imprisonment on Count 3, nine months on Count 4, and 14 months on Count 9, to be served concurrently. The trial court ordered Hudson to serve 30 months in prison for the aggravated trafficking charge in Case No. 2023 CR 103. The court then ordered that the sentences imposed in Case Nos. 2022 CR 254 (14 months) and 2023 CR 103 (30 months) be served consecutively, for a total of 44 months in prison.

{¶ 4} Hudson has filed a timely appeal which raises a single assignment of error.

## II.       Consecutive Sentences

{¶ 5} In her assignment of error, Hudson argues that the record fails to support the

trial court's findings for consecutive sentences. We disagree.

{¶ 6} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that (1) consecutive service is necessary to protect the public from future crime or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following findings are made:

(a) The offender committed the offenses while awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. 2929.16, R.C. 2929.17, R.C. 2929.18, or was under post-release control;

(b) At least two of the offenses were committed as part of one or more courses of conduct, and the harm was so great that no single prison term adequately reflects the seriousness of the conduct;

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 7} "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, Ohio Slip Opinion No. 2023-Ohio-3851, __ N.E.3d __, ¶ 5. *See also State v. Norris*, 2d Dist. Greene No. 2023-CA-8, 2023-Ohio-4057, ¶ 13 (an appellate court cannot reverse consecutive sentences unless it clearly and convincingly finds the record

does not support the trial court's findings); *State v. White*, 1st Dist. Hamilton No. C-230165, 2023-Ohio-4391, ¶ 22.

{¶ 8} During the sentencing hearing in this case, the trial court found that consecutive sentences were necessary to protect the public from future crime or punish Hudson. It further found that consecutive sentences were not disproportionate to the seriousness of Hudson's conduct and the danger she posed to society. It then stated that Hudson committed the offenses while awaiting trial or sentencing and under post-release control for a prior offense. Finally, the court found that Hudson's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. Sentencing Tr. at 27. The Court echoed those findings in its judgment entries. Thus, Hudson's consecutive sentences will be upheld unless we find the requisite findings were clearly and convincingly unsupported by the record.

{¶ 9} According to the record, Hudson had a lengthy criminal history dating back to 2006 that included 14 arrests in Tennessee prior to her offenses in Champaign County. Additionally, Hudson sold bulk amounts of methamphetamine to undercover officers and confidential informants, and she admitted to doing so on a recorded jail call and at the disposition. Sentencing Tr. at 15, 17, 22. Further, Hudson failed to appear for pre-trial services appointments multiple times, failed to get a background check, failed to go to a treatment program, and failed to appear for her intervention in lieu of conviction hearing. She was also late for other hearings and tested positive for illicit substances in a drug screen. Finally, the trial court noted that Hudson had violated bond and committed multiple offenses while on probation out of Tennessee and while free on bond in this case.

**{¶ 10}** The record before us confirms the trial court's consecutive sentence findings, both at the sentencing hearing and in the judgment entries. Accordingly, Hudson's assignment of error is overruled.

### III.    Conclusion

**{¶ 11}** The judgments of the trial court will be affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.